■ Susi Contracting Company, Inc., Appellant, v Hartford Accident & Indemnity Company, Respondent. [624 NYS2d 153] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 7, 1994, which granted defendant's motion pursuant to CPLR 5021 (a) (2) for an order directing entry of satisfaction of a 1972 judgment in favor of plaintiff and against defendant as surety on an appeal bond, unanimously affirmed, without costs.

Full faith and credit requires the New York courts to give effect to the Connecticut court's 1992 declaration that it had

jurisdiction over plaintiff in the earlier interpleader action that discharged defendant from liability on the judgment plaintiff seeks to enforce herein. This is so notwithstanding the prior pronouncement of this Court that the Connecticut interpleader court lacked such jurisdiction (172 AD2d 255, *lv denied* 78 NY2d 984), since a foreign court's finding on its own jurisdiction is entitled to full faith and credit even though at odds with an earlier finding on jurisdiction by a New York court *(Di Russo v Di Russo,* 55 Misc 2d 839, 845-847). As the IAS Court aptly put it, "the litigation landscape has changed with the rendition of the Connecticut declaratory judgment". It should also be noted that this Court did expressly give defendant leave to pursue "further proceedings before the Connecticut Superior Court for the purpose of determining whether that court had jurisdiction over plaintiff in a 1984 interpleader action" (180 AD2d 610). In view of the foregoing, the extent of plaintiff's entitlement to interest is moot.

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Rubin, Ross, Nardelli and Williams, JJ.