■ Caroline Obadiah, as Executor of Regina Leibowitz, Deceased, Appellant, v Madelyn Shaw, as Executor of Jack

LEIBOWITZ, Deceased, Respondent. HERBERT RUBENFELD, Nonparty Appellant; JEFFREY S. HORN, Nonparty Respondent. [699 NYS2d 124] —In an action for a divorce and ancillary relief, (1) the plaintiff Caroline Obadiah, as executor of the estate of Regina Leibowitz, appeals (a) from so much of an order of the Supreme Court, Suffolk County (Lifson, J.), entered June 30, 1998, as granted the motion of the court-appointed Referee to hold Regina Leibowitz in civil contempt of court based on her failure to comply with a prior order of the same court dated November 17, 1997, and (b) by permission, from so much of the same order as directed a hearing on the penalty to be imposed for the contempt, and (2) nonparty Herbert Rubenfeld, the attorney for Regina Leibowitz, appeals, by permission, from so much of the same order as directed a hearing to determine whether he should be held in contempt of court for his noncompliance with the order dated November 17, 1997, and, if so, the appropriate penalties to be imposed.

Ordered that the order is reversed, without costs or disbursements, the court-appointed Referee's motion to hold Regina Leibowitz and Herbert Rubenfeld, Esq., in civil contempt of court is denied, and the matter is remitted to the Supreme Court for further proceedings consistent herewith.

To prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party so charged violated a clear and unequivocal court order (*see,* Judiciary Law § 753 [A] [3]; *McCain v Dinkins,* 84 NY2d 216; *Matter of McCormick v Axelrod,* 59 NY2d 574; *Goldsmith v Goldsmith,* 261 AD2d 576; *Matter of CBS Rubbish Removal v Town of Babylon Sanitation Commn.,* 249 AD2d 541). In this case, the finding of civil contempt was not based upon the violation of a clear and unequivocal order. While the order dated November 17, 1997 fixed the amount of the Referee's fee, it contained no provision directing the payment of this fee. Moreover, the memorandum decision accompanying the order directed the husband's attorney, not the wife's attorney, to pay the fee from certain escrow funds.

However, while the equivocal nature of the order precludes a finding of contempt, the Supreme Court could properly direct the wife's attorney to pay the $15,125 Referee's fee from the escrow funds. Therefore, we remit the matter to the Supreme Court, Suffolk County, for the entry of an order directing the payment of the Referee's fee. Santucci, J. P., Sullivan, Florio and Schmidt, JJ., concur.