OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, without costs, and the matter remitted to Supreme Court, with directions to dismiss the action as against The Health Care Plan, Inc., solely upon the ground that the issue as presented in this case is moot.
 

 This appeal arises from a medical malpractice action commenced by plaintiff and her husband against Dr. Gary Douglas and his employer, The Health Care Plan, Inc. (HCP) — a qualified health maintenance organization. HCP moved to dismiss plaintiffs’ claims, arguing that Public Health Law § 4410 (1) precludes suits sounding in medical malpractice against health maintenance organizations. Supreme Court denied the motion.
 

 At trial, the jury returned a verdict that Douglas was negligent, his negligence was a substantial factor in bringing about plaintiff’s injuries, and he was acting within the scope of his employment and in the furtherance of the business of HCP. The jury also determined that HCP was negligent but that its negligence was not a substantial factor in bringing about plaintiff’s injuries. Plaintiffs were awarded damages totaling over $3 million against both defendants.
 

 The Appellate Division modified the judgment, on the law, by granting a new trial on damages for future pain and suffering unless plaintiff stipulated to a reduction of the verdict for future pain and suffering damages to $1.5 million, which she did. HCP was then granted leave to appeal to this Court. However, this Court was subsequently advised by the parties that the amended judgment was satisfied; indeed both Douglas
 
 *742
 
 and HCP are named on the satisfaction of judgment that was filed June 15, 2001. Plaintiffs now argue that, given the full satisfaction of judgment by Douglas, the issue pending before this Court is moot.
 

 An “appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment”
 
 (Matter of Hearst Corp. v Clyne,
 
 50 NY2d 707, 714 [1980];
 
 see also
 
 Karger, Powers of the New York Court of Appeals § 71 [a], at 425-435 [3d ed 1997]). Regardless of whether the rights of the litigants were properly determined by the Appellate Division, the satisfaction and discharge of the judgment by Douglas leaves HCP with no further liability exposure or other rights to be affected on this appeal. Thus, the appeal is moot.
 

 Nor is the exception to the mootness doctrine applicable here. We have discretion to review a case if the controversy or issue involved is likely to be repeated, typically evades review, and raises substantial and novel questions
 
 (see Matter of Hearst Corp.,
 
 50 NY2d at 714-715;
 
 see generally
 
 Karger, § 71 [b], at 435-436). While the issue of whether Public Health Law § 4410 (1) precludes a health maintenance organization from being held vicariously liable for the malpractice of an employee physician may well be substantial and recurrent, the issue is not of the type that typically evades review.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.