■ 985 Fifth Avenue LLC, Appellant, v Earl Reiss et al., Respondents. [777 NYS2d 303]—

Appeal from order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered January 23, 2003, which granted defendants' motion to dismiss the complaint, unanimously dismissed, without costs, as moot.

Plaintiff landlord commenced this declaratory judgment action to challenge the determination of defendant New York State Division of Housing and Community Renewal (DHCR) to deny landlord's petition for high-income rent deregulation, based solely on an amended income tax return filed by defendant tenant. The IAS court granted defendants' motion to dismiss the complaint on the ground that landlord had not exhausted its administrative remedies, since its petition for administrative review (PAR) of the order denying deregulation was still pending before DHCR at the time this action was commenced. After the IAS court rendered its order and landlord noticed this appeal, DHCR denied the PAR, and landlord has since commenced a CPLR article 78 proceeding seeking substantially the same relief sought in this action.

We dismiss this appeal on the ground that, since the order appealed from was entered, this appeal has been rendered moot by the denial of the PAR, which exhausted landlord's administrative remedies, and by landlord's subsequent commencement of an article 78 proceeding raising precisely the same issues. We note, however, that the legal question raised by this appeal, namely, the effect of a tenant's filing of an amended income tax return on a landlord's petition for high-income rent deregulation, has recently been answered by the Court of Appeals in *Matter of Classic Realty v New York State Div. of Hous. & Community Renewal* (2 NY3d 142 [2004]). In view of *Classic Realty*, DHCR must reopen the matter at the administrative level and reconsider landlord's entitlement to deregulation in light of that decision's holding. Concur—Tom, J.P., Andrias, Sullivan and Friedman, JJ.