■ PORTHAULT COMPANY, INC., Appellant, v JEDDAH MADISON CORPORATION, Respondent, et al., Defendant. [842 NYS2d 387]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered January 30, 2007, which, to the extent appealed from, granted the motion of defendant Jeddah Madison Corporation to dismiss the cause of action against it for promissory estoppel and issued a declaratory judgment in its favor, affirmed, with costs.

To the extent the expiration of the purported sublease and the execution of a settlement agreement between the plaintiff and Jeddah in a separate holdover proceeding has not rendered moot the instant claims, we conclude that Supreme Court properly granted Jeddah's motion.

Jeddah established its entitlement to a declaration in its favor based on the documentary evidence (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]). Plaintiff claims to have obtained the rights to a lease entered into between Jeddah and defendant Porthault Linens. However, the lease expired by its terms prior to Linens' purported transfer of its rights in the lease to plaintiff. Moreover, Jeddah was not a party to the purchase agreement between plaintiff and Linens that purported to grant plaintiff a sublease beyond the term of the prime lease. The documentary evidence thus conclusively established Jeddah's defense that plaintiff is, at best, no more than a month-to-month tenant. Jeddah is entitled to a declaration that the notice of termination of the monthly tenancy issued to plaintiff was valid and that Jeddah is not obligated to renew the purported sublease. Jeddah's acceptance of rent prior to the issuance of the notice of termination did not invalidate the notice of termination (*see 2-12 Sutter LLC v Crawford*, 6 Misc 3d 858, 862 [2004]).

Plaintiff's invocation of the doctrine of promissory estoppel to bind Jeddah to the purchase agreement between plaintiff and Linens, to which Jeddah was not a party, is unavailing. Plaintiff alleges it was led to believe that the principal of Linens, who negotiated the purchase agreement, had the authority to bind Jeddah. Even if all of plaintiff's allegations are taken to be true, they do not rise to the level of unconscionability so as to invoke the doctrine against Jeddah (*Steele v Delverde S.R.L.*, 242 AD2d 414, 415 [1997]). Concur—Friedman, J.P., Marlow, Williams and Buckley, JJ.

McGuire, J., dissents in a memorandum as follows: I believe that this action has been rendered moot. Thus, dismissal of this appeal—as opposed to affirmance of the order appealed—is the appropriate disposition, and I therefore dissent.

Jeddah owns a building in Manhattan and leased a portion of the premises to defendant Porthault Linens, Inc. (Porthault). Plaintiff, which claims to have subleased the demised premises from Porthault, commenced this declaratory judgment action against Jeddah and Porthault seeking a declaration that plaintiff is entitled to sublease the premises through May 20, 2007, the expiration date of the purported sublease.

Following the commencement of this action, Jeddah commenced a commercial holdover proceeding against plaintiff seek-

ing to recover possession of the demised premises. Jeddah and plaintiff then entered into a stipulation of settlement resolving the holdover proceeding.

The stipulation states, in pertinent part, that:

"[Plaintiff] hereby represents that it is in sole possession of the Premises sought to be recovered in this proceeding . . . and that there are no other persons and/or entities in possession of such Premises and [plaintiff] has not authorized or permitted any possession thereof by any third parties. . . .

"[A] Final Judgment of Possession shall provide for a Warrant of Eviction to issue forthwith with a stay of execution of said Warrant of Eviction . . . up to and including, July 16, 2007. . . .

"[Plaintiff] represents, warrants and agrees that prior to the expiration of the Stay, it will vacate the Premises and will deliver the Premises to [Jeddah] free and clear of all tenancies and occupancies and claims to possession by any third party. . . .

"[Plaintiff] agrees not to make any application or request to this or to any other court to vacate the Final Judgment of Possession, or for any further stay in relation to the Final Judgment of Possession, or the execution of the Warrant of Eviction. . . .

"[Plaintiff] shall not sublet the Premises or permit the same to be used and/or otherwise occupied by any persons or entities other than itself at any time during the period of the Stay. . . .

"[Plaintiff] acknowledges that it has read this Stipulation and has conferred with counsel of its choosing, and fully understands its terms. It is specifically understood and agreed by and between the parties that this Stipulation is the result of extensive negotiations between the parties and their attorneys."

The stipulation also set forth plaintiff's obligations for "use and occupancy" of the demised premises, providing a schedule of rents plaintiff is to pay Jeddah through July 16, 2007.

This action has been rendered moot for two independent reasons: (1) the expiration (some four weeks after this appeal was argued) of the purported sublease and (2) the settlement between plaintiff and Jeddah in the holdover proceeding. With respect to (1), plaintiff seeks a declaration that it is entitled to sublease the premises through May 20, 2007. Since the purported sublease has expired, the rights of the parties will not be directly affected by a determination of this appeal. Concerning (2), as a result of the stipulation between plaintiff and Jeddah resolving the holdover proceeding, plaintiff may occupy the premises until July 16, 2007, approximately two months past

the expiration of the purported sublease. Plaintiff's rights under the alleged tenancy, whatever those rights may have been, are now defined by the stipulation, which unequivocally bars plaintiff from subleasing the premises. Accordingly, the rights of the parties cannot be directly affected by a determination of this appeal (*Wisholek v Douglas*, 97 NY2d 740, 742 [2002]; *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]). Absent an exception to the mootness doctrine, we are *forbidden* from opining on the merits of plaintiff's claims (*Matter of Hearst Corp.*, 50 NY2d at 713-714 [the principle "which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary"]).