■ Lee S. Kalish, Appellant, v Shelton C. Lindsay, Defendant, and Rock City Sound, Inc., Respondent. Gary E. Bashian et al., Nonparty Respondents. [850 NYS2d 599]—

In an action for specific performance of a shareholder's agreement, the plaintiff appeals (1) from so much of an order and judgment (one paper) of the Supreme Court, Dutchess County (Dolan, J.), dated August 11, 2006, as denied those branches of his motion which were to hold Gary E. Bashian and the law firm of Bashian & Farber, LLP, in civil contempt pursuant to Judiciary Law § 753 (A), and for the disgorgement of an attorney's fee paid to them by the defendant Rock City Sound, Inc., and (2), as limited by his brief, from so much of an order of the same court, also dated August 11, 2006, as denied, as academic,

that branch of his motion which was for summary judgment against the defendant Rock City Sound, Inc.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was to hold Gary E. Bashian, and the law firm of Bashian & Farber, LLP, in civil contempt pursuant to Judiciary Law § 753 (A); as so modified, the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Dutchess County, for a hearing on that branch of the plaintiff's motion which was to hold Gary E. Bashian and the law firm of Bashian & Farber, LLP, in civil contempt pursuant to Judiciary Law § 753 (A), and thereafter for a new determination of that branch of the plaintiff's motion; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the plaintiff's motion which was for summary judgment against the defendant Rock City Sound, Inc., is granted; and it is further,

Ordered that one bill of costs is awarded to the appellant payable by the respondent and nonparty respondents.

The plaintiff Lee Kalish and the defendant Shelton Lindsay each owned 50% of the shares of the defendant Rock City Sound, Inc. (hereinafter RCS), pursuant to a shareholder's agreement (hereinafter the agreement) dated January 9, 1998. In 2004 the plaintiff attempted to withdraw as a shareholder. The terms of the agreement provided that RCS was to purchase the shares for the "Established Value" as calculated in the agreement. The sale never took place because, according to the plaintiff, among other things, Lindsay set an established value that was too low.

The plaintiff brought this action seeking specific performance of the agreement, and moved for a preliminary injunction restraining the disposition of his shares. In an order dated December 10, 2004, the court granted a preliminary injunction, inter alia, enjoining Lindsay from exercising any dominion or control over the plaintiff's shares in RCS. Thereafter, in June 2005, Lindsay, as sole director of RCS, among other things, authorized himself to vote all of the plaintiff's shares.

In March 2006 the plaintiff moved to hold Lindsay and his then counsel Gary E. Bashian and the law firm of Bashian & Farber, LLP (hereinafter B & F), in civil contempt pursuant to Judiciary Law § 753 (A), for violating the order dated December 10, 2004. In his motion, the plaintiff also sought the return of attorney's fees paid by RCS to Bashian and B & F, arguing that Bashian and B & F had violated certain ethical rules, including Code of Professional Responsibility DR 5-105 (22 NYCRR 1200.24), by representing both Lindsay and RCS.

In May 2006 the plaintiff moved for summary judgment, inter alia, requiring Lindsay and RCS to purchase his shares for the sum of $1,145,580, plus interest at 9% from August 20, 2004 (the plaintiff's "Withdrawal Date" under the agreement).

In an order and judgment dated August 11, 2006, the court granted that branch of the plaintiff's contempt motion which sought to hold Lindsay in contempt, and imposed a fine against Lindsay in the amount of $1,145,580, but denied that branch of the motion which sought to hold Bashian and B & F in contempt and sought the return of legal fees that RCS had paid them. In a separate order also dated August 11, 2006, the court denied the plaintiff's motion for summary judgment as academic, because the order and judgment determining his contempt motion awarded to him the $1,145,580 he sought in his summary judgment motion.

To prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party so charged violated a clear and unequivocal court order (see Judiciary Law § 753 [A] [3]; Obadiah v Shaw, 266 AD2d 520, 521 [1999]), and that prejudice resulted (see Giorgini v Goldfield, 22 AD3d 800 [2005]). Contempt must be proven by clear and convincing evidence (see Gloveman Realty Corp. v Jefferys, 29 AD3d 858 [2006]). An attorney who assists his or her client in perpetrating a civil contempt is likewise guilty of contempt (see Fass & Wolper, Inc. v Burns, 177 Misc 430 [1941]). Under the circumstances presented, there are factual issues presented by the plaintiff's contempt motion against Bashian and B & F, and their opposition thereto, that should be resolved at a hearing. Accordingly, we remit the matter to the Supreme Court, Dutchess County, for such a hearing, and thereafter for a new determination of that branch of the plaintiff's motion which was to hold Bashian and B & F in civil contempt pursuant to Judiciary Law § 753 (A) (see City Wide Sewer & Drain Serv. Corp. v Carusone, 39 AD3d 687 [2007]).

As to the return of legal fees, a party who is neither a present nor a former client of an attorney has no standing to complain about the attorney's representation (see Vanarthros v St. Francis Hosp., 234 AD2d 450 [1996]; see also A.F.C. Enters., Inc. v New York City School Constr. Auth., 33 AD3d 736 [2006]). An attorney does not represent a coshareholder simply by reason of his or her representation of the corporation, unless he or she affirmatively assumes that duty (see Walker v Saftler, Saftler & Kirschner, 239 AD2d 252 [1997]; Kushner v Herman, 215 AD2d 633 [1995]). Here, Bashian and B & F were retained to represent Lindsay and RCS only, and the plaintiff was, at all times

relevant herein, represented by other counsel. Bashian and B & F never affirmatively assumed any duty to represent the plaintiff. Thus the plaintiff has no standing to complain of Bashian and B & F's simultaneous representation of Lindsay and RCS (*see Vanarthros v St. Francis Hosp.*, 234 AD2d at 450). Moreover, the plaintiff's contentions that Bashian and B & F violated other ethical rules are without merit.

However, we disagree with the Supreme Court's conclusion that the branch of plaintiff's motion which sought summary judgment against RCS was academic. A matter is academic when a determination is sought which, if rendered, could not have any practical effect on the existing controversy (*see Wisholek v Douglas*, 97 NY2d 740, 742 [2002]; *SOS Oil Corp. v Norstar Bank of Long Is.*, 152 AD2d 223 [1989], *affd* 76 NY2d 561 [1990]). Here, in his summary judgment motion, the plaintiff sought, inter alia, an order directing Lindsay and RCS to purchase his shares for the principal amount of $1,145,580. Since the court's contempt order and judgment specifically directed Lindsay to pay that amount, and not RCS, the motion was not academic with regard to RCS. Inasmuch as RCS is also a named defendant, a money judgment against it would have the practical effect of allowing the plaintiff to recover against the corporation, as well as against Lindsay (*cf. Wisholek v Douglas*, 97 NY2d at 740). Consequently, the court should not have denied as academic that branch of the plaintiff's motion which sought summary judgment against RCS. Since the record demonstrates that the plaintiff made a prima facie showing of entitlement to judgment as a matter of law, in opposition which RCS failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]), that branch of the plaintiff's motion which was for summary judgment against RCS should have been granted. Skelos, J.P., Ritter, Miller and Covello, JJ., concur.