ROCK CITY SOUND, INC., Appellant-Respondent, v BASHIAN & FARBER, LLP, et al., Respondents-Appellants. [903 NYS2d 517]—

In an action, inter alia, to recover damages for legal malpractice and violation of Judiciary Law § 487, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J), dated October 24, 2008, as granted those branches of the defendants' motion which were to dismiss the first through fourth causes of action, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was to dismiss the fifth cause of action. Justice Dickerson has been substituted for Justice Angiolillo (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is modified, on the law, by deleting the

provisions thereof granting those branches of the defendants' motion which were to dismiss the first cause of action, sounding in legal malpractice, and the fourth cause of action, for an award of an attorney's fee, and by substituting therefor provisions denying those branches of the defendants' motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff corporation, Rock City Sound, Inc. (hereinafter Rock City), was an audio equipment company formed in 1977. Pursuant to a shareholders' agreement made in January 1998, Lee Kalish and Shelton Lindsay each owned 50% of Rock City's shares. The agreement provided, among other things, that a shareholder desiring to sell his shares must give notice to Rock City and the other shareholder, and Rock City would then purchase the shares for an "Established Value" calculated by a formula set forth in the agreement. In February 2004 Kalish gave notice to Rock City that he wanted to sell his shares for the established value, and withdraw from any position at Rock City.

A dispute arose between Kalish and Lindsay as to the established value of Kalish's shares, and in August 2004 Kalish commenced an action against Lindsay (hereinafter the Kalish action). The defendants Gary E. Bashian and Bashian & Farber, LLP (hereinafter Bashian and B&F) represented both Lindsay and Rock City in the Kalish action. Upon Kalish's application, the Supreme Court, Dutchess County, awarded him a preliminary injunction, inter alia, enjoining Lindsay from exercising any control over Kalish's Rock City shares (see Kalish v Lindsay, 47 AD3d 889, 890 [2008]).

Subsequently, Lindsay authorized himself to vote all of Kalish's shares, called shareholder meetings at which he was the only one present, deemed himself to have complete authority to operate Rock City, and made decisions about Rock City without notifying Kalish, such as voting to sell all of its equipment and assets.

In August 2005 Lindsay notified Bashian and B&F that he was resigning as president and director of Rock City. In December 2005, Lindsay, through Bashian and B&F, petitioned for dissolution of Rock City. Kalish opposed that petition.

In March 2006 Kalish moved in the Kalish action to hold Lindsay, as well as Bashian and B&F, in contempt (hereinafter the contempt motion). In May 2006 Kalish moved for partial summary judgment, inter alia, declaring the total value of his shares in Rock City to be $1,145,580, requiring Lindsay and Rock City to purchase his shares for that amount plus interest,

and declaring that he was entitled to the costs of the action, including legal fees (*see Kalish v Lindsay*, 47 AD3d at 890).

In an order and judgment dated August 11, 2006, that branch of the contempt motion which sought a finding of civil contempt against Lindsay was granted, and Lindsay was fined in the amount of $1,145,580. That branch of the contempt motion which sought to hold Bashian and B&F in contempt was denied. In a second order dated the same day, the Supreme Court denied Kalish's motion for partial summary judgment as academic in light of the decision on the contempt motion (*id.*).

Kalish appealed both the order and judgment and the order to this Court. By decision and order dated January 29, 2008, this Court modified the order and judgment by deleting the provision thereof denying that branch of Kalish's motion which was to hold Bashian and B&F in civil contempt pursuant to Judiciary Law § 753, and remitted the matter to the Supreme Court for a hearing and new determination on that branch of the motion. This Court reversed the order denying Kalish's motion for partial summary judgment, and granted that motion (47 AD3d at 890-892).

Thereafter, the Supreme Court issued what was denominated a partial judgment, declaring and adjudging the total value of Kalish's shares to be $1,145,580, and that Rock City was required to perform under the shareholders' agreement and purchase Kalish's shares for that amount, which was due and payable at the time of the judgment.

Subsequently, Lindsay filed for personal bankruptcy, and his bankruptcy trustee, Paul Banner, took over his interests in Rock City. Banner and Kalish then voted their shares to authorize Rock City to commence the instant action against the defendants Bashian & Farber, LLP, Gary E. Bashian, Gary E. Bashian, P.C., Irving O. Farber, and Irving O. Farber, PLLC. Rock City alleges five causes of action: (1) legal malpractice, (2) and (3) breach of fiduciary duty, (4) breach of duty of loyalty, and (5) violation of Judiciary Law § 487 against defendant Gary E. Bashian only. Ultimately, the Supreme Court granted those branches of the defendants' motion which were to dismiss the first through fourth causes of action.

Contrary to the defendants' contention, Kalish and Banner had the authority to vote their shares to authorize Rock City to commence this action. The shareholders' agreement entitled Kalish to exercise full voting rights on his shares "until such time as payment in full has been made." Since his shares were never purchased, Kalish's withdrawal from the corporation was never accomplished, and he had the right, according to the

agreement, to vote his shares to bring the instant action (*cf. Cooper, Selvin & Strassberg v Soda Dispensing Sys.*, 212 AD2d 498 [1995]). Further, a bankruptcy trustee stands in the shoes of the debtor and is able to maintain actions that the debtor could have brought prior to the bankruptcy proceedings (*see generally Hirsch v Arthur Andersen & Co.*, 72 F3d 1085 [1995]). Since, pursuant to the shareholders' agreement, Lindsay could have voted his shares to authorize this action, his bankruptcy trustee, Banner, had the authority to do so.

On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction (*see* CPLR 3026). Courts must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

To establish a cause of action to recover damages for legal malpractice, a plaintiff must allege "that the defendant-attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community," and "that the defendant-attorney's negligence was a proximate cause of damages" (*DeNatale v Santangelo*, 65 AD3d 1006, 1007 [2009] [internal quotation marks omitted]; *Barnett v Schwartz*, 47 AD3d 197, 205 [2007]). A plaintiff is not obligated to show, on a motion to dismiss, that it actually sustained damages. It need only plead allegations from which damages attributable to the defendant's malpractice might be reasonably inferred (*see Kempf v Magida*, 37 AD3d 763, 764 [2007]; *see also InKine Pharm. Co. v Coleman*, 305 AD2d 151 [2003]; *Fielding v Kupferman*, 65 AD3d 437, 442 [2009]). Here, contrary to the defendants' contention, by pleading the loss of its equipment, assets, and ability to continue in business, attributable in part to the defendants' legal advice, Rock City sufficiently pleaded allegations from which damages attributable to the defendants' malpractice might be reasonably inferred. Rock City also sufficiently pleaded that the defendants' actions were a proximate cause of its damages (*see InKine Pharm. Co. v Coleman*, 305 AD2d 151 [2003]; *Fielding v Kupferman*, 65 AD3d at 442; *see also Barnett v Schwartz*, 47 AD3d at 205). Accordingly, the Supreme Court should not have granted that branch of the defendants' motion which was to dismiss the first cause of action.

The Supreme Court, however, properly granted those branches of the defendants' motion which were to dismiss the second and third causes of action, alleging breach of fiduciary duty. Those causes of action arose from the same facts as the legal malprac-

tice cause of action, did not allege distinct damages, and were thus duplicative of the legal malpractice cause of action (*see Kvetnaya v Tylo*, 49 AD3d 608 [2008]; *Town of N. Hempstead v Winston & Strawn, LLP*, 28 AD3d 746, 749 [2006]; *Shivers v Siegel*, 11 AD3d 447 [2004]; *Daniels v Lebit*, 299 AD2d 310 [2002]).

Contrary to the Supreme Court's finding and the defendants' contention, the portion of this Court's order in *Kalish v Lindsay* which found that Kalish did not have standing to assert a cause of action for disgorgement of an attorney's fee (*Kalish v Lindsay*, 47 AD3d at 892), did not bar Rock City from asserting such a cause of action. Unlike Kalish, Rock City was the defendants' client at all times relevant to the instant lawsuit, and therefore had standing to bring this cause of action (*cf. Kalish v Lindsay*, 47 AD3d 889 [2008]; *Vanarthros v St. Francis Hosp.*, 234 AD2d 450 [1996]). Moreover, as set forth above, Lindsay was not the only controlling shareholder of Rock City at the time of the defendants' complained-of actions. Therefore, the Supreme Court erred in determining that Rock City had no basis to assert the fourth cause of action because the defendants "acted at the behest of Rock City's then only controlling shareholder and officer, Lindsay."

The Supreme Court correctly declined to grant dismissal of the fifth cause of action, alleging violation of Judiciary Law § 487, against Bashian. "A violation of Judiciary Law § 487 (1) may be established either by the defendant's alleged deceit or by an alleged chronic, extreme pattern of legal delinquency by the defendant" (*Boglia v Greenberg*, 63 AD3d 973, 975 [2009] [internal quotation marks omitted]; *see* Judiciary Law § 487; *Izko Sportswear Co., Inc. v Flaum*, 25 AD3d 534, 537 [2006]). Taking the allegations of the complaint as true, it sufficiently alleged Bashian's deceit by asserting that he knowingly advised and counseled Lindsay in violating the Supreme Court's injunction, in violating Business Corporation Law § 909 for failing to advise Kalish, the other 50% shareholder in Rock City, of the sale of all assets, and in failing to move to be relieved as Rock City's counsel after Lindsay advised him that he was resigning.

The parties' remaining contentions are without merit. Rivera, J.P., Florio, Dickerson and Lott, JJ., concur.