The decision and order of this Court entered on August 13, 2013 (109 AD3d 415 [2013]) is hereby recalled and vacated (see 2013 NY Slip Op 91243[U] [2013] [decided simultaneously herewith]).

■ In the Matter of MARGARITA SANTIAGO, on Behalf of Herself and Her Five Minor Dependent Children, Appellant, v ELIZABETH R. BERLIN, as Executive Deputy Commissioner of the Office of Temporary and Disability Assistance of the New York State Department of Family Assistance, et al., Respondents. [974 NYS2d 457]—

Order and judgment (one paper), Supreme Court, New York County (Joan B. Lobis, J.), entered May 16, 2012, which dismissed as moot the petition brought in a hybrid CPLR article 78/declaratory judgment proceeding, unanimously affirmed, without costs.

Supreme Court properly determined that when, during the pendency of this proceeding, respondent formally retracted the challenged recoupment notice and retroactively restored the portion of public assistance benefits withheld pursuant to that notice, these actions mooted the petition as to both the injunctive and declaratory relief sought (see e.g. Eve & Mike Pharm., Inc. v Greenwich Pooh, LLC, 107 AD3d 505 [1st Dept 2013]; Duane Reade Inc. v Local 338, Retail, Wholesale, Dept. Store Union, UFCW, AFL-CIO, 11 AD3d 406 [1st Dept 2004]).

Petitioner does not raise a substantial and novel issue which the Court should reach, and the narrow exception to the mootness doctrine is inapplicable (see generally Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 811 [2003], cert denied 540 US 1017 [2003]). Petitioner claims that the New York City Human Resources Administration's notices improperly

set an arbitrary "effective date" as the deadline for a public benefits recipient to obtain a stay by requesting a fair hearing. However, this does not present a substantial constitutional issue since the 10-day notice period complies with due process and enables the City to automatically process the request for aid-continuing benefits for those who do meet the deadline. As explained by the City respondent, the deadline is set before the actual issuance of the first reduced check (which petitioner argues is the real effective date) so that the City's computer system is able to process fair hearing requests, and automatically implement "aid continuing" directives, thereby avoiding interruption of benefits to those beneficiaries who do timely request a fair hearing by the effective date set in the notice letter. Federal law gives the State flexibility to set such deadlines, and the deadline set in the notice is reasonable and does not raise due process concerns. Moreover, the deadline procedure was implemented pursuant to a settlement of federal class-action litigation addressing the problem of interruption of benefits pending fair hearing decisions, and the settlement is subject to ongoing supervision by a federal magistrate (*see Morel v Giuliani*, 927 F Supp 622 [SD NY 1995]). Concur—Mazzarelli, J.P., Andrias, Richter and Gische, JJ.