Herbert Henschel, Plaintiff-Respondent, 
against
The Port Authority of New York and New Jersey, Defendant-Appellant, and Metropolitan Life Insurance Co., Defendant.



In consolidated appeals, defendant Port Authority of New York and New Jersey appeals from (1) a judgment of the Small Claims Part of the Civil Court of the City of New York, New York County (Gerald Lebovits, J.), entered October 29, 2014, after trial, in favor of plaintiff and awarding him damages in the principal amount of $5,000, (2) a judgment (same court and Judge), entered October 29, 2014, after trial, in favor of plaintiff and awarding him damages in the principal amount of $4,600, and (3) a judgment of the same court (Alexander M. Tisch, J.), entered September 10, 2015, after trial, in favor of plaintiff and awarding him damages in the principal amount of $3,570.




Per Curiam.
Judgment (Alexander M. Tisch, J.), entered September 10, 2015, modified to reduce plaintiff's damage award to the principal sum of $2,856; as modified, judgment affirmed, without costs. Appeals from judgments (Gerald Lebovits, J.), each entered October 29, 2014, dismissed, without costs, as moot.
Addressing first the judgment rendered on September 10, 2015, we note that a judgment rendered in the Small Claims Part of the Civil Court will be sustained on appeal unless it is shown that "substantial justice has not been done between the parties according to the rules and principles of substantive law" (CCA 1807; see Williams v Roper, 269 AD2d 125 [2000], lv dismissed 95 NY2d 898 [2000]). Applying that limited review standard here, and giving due deference to the trial court's fact and credibility-based finding that the dental plan provided to plaintiff upon his retirement covered the dental services at issue, we find no basis to substitute our judgment for that of the trial court in resolving the liability aspect of the action in plaintiff's [*2]favor. However, the record and ends of "substantial justice" support an award of no greater than $2,856, since plaintiff was responsible for paying twenty percent of the claimed dental expenses.
This Court has been advised that the two judgments rendered in plaintiff's favor on October 29, 2014 against the named defendants jointly and severally have been satisfied by defendant Metropolitan Life Insurance Co. [MetLife]. The satisfaction of these judgments by MetLife leaves defendant-appellant Port Authority with no further liability exposure or other rights to be affected (see Wisholek v Douglas, 97 NY2d 740, 742 [2002]). Thus, the appeals from the October 29, 2014 judgments are moot. The circumstances presented do not warrant addressing the issues under an exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 24, 2017