Matter of Emerald Cr. Capital, LLC v Trencher (2019 NY Slip Op 05323)





Matter of Emerald Cr. Capital, LLC v Trencher


2019 NY Slip Op 05323


Decided on July 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2019

Richter, J.P., Tom, Gesmer, Kern, Moulton, JJ.


9781 160484/16

[*1]In re Emerald Creek Capital, LLC, Petitioner-Respondent,
v
Mildred Trencher, Respondent-Appellant.


Anderson Kill P.C., New York (Devin W. Ness of counsel), for appellant.
Cullen & Dykman, LLP, Garden City (Jocelyn Lupetin of counsel), for respondent.



Appeal from order and judgment (one paper), Supreme Court, New York County (Nancy M. Bannon, J.), entered March 26, 2018, granting petitioner's CPLR article 52 petition to compel the sale of respondent's condominium apartment to satisfy a judgment, unanimously dismissed, without costs, as academic.
The parties assert in their appellate briefs that after the petition was granted, respondent satisfied the judgment. This rendered the instant appeal academic (see Wisholek v Douglas , 97 NY2d 740, 742 [2002]). Contrary to respondent's argument, satisfaction of the judgment was not the only way to preserve the status quo, as she was free to file an application before this Court for a release of the lien by posting an undertaking under CPLR 5204, or simply by posting an undertaking for a standard stay of enforcement under CPLR 5519, neither of which she pursued.
The notion that respondent would be entitled to some amount of restitution under CPLR 5523 if the court's decision were to be reversed on appeal misunderstands the scope of the proceeding. A proceeding under CPLR article 52 is a mechanism to enforce a judgment, in this case, through a sheriff's sale of real property within the State (see CPLR 5236). Irrespective of the outcome of the proceeding, respondent would still be jointly and severally liable for the amounts due under the New Jersey judgment (see Susi Contr. Co. v Hartford Acc. & Indem. Co. , 213 AD2d 299 [1st Dept 1995], lv denied 86 NY2d 704 [1995]). The issue raised by respondent, namely the validity of the New Jersey judgment's domestication in New York, was relevant only to the extent of enforcement against respondent's New York property, which has been rendered unnecessary by the payment of the judgment.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2019
CLERK