Glaubach v Miller (2021 NY Slip Op 06758)





Glaubach v Miller


2021 NY Slip Op 06758


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Gische, J.P., Kapnick, Kern, Gesmer, Kennedy, JJ. 


Index No. 161605/19 Appeal No. 14746 Case No. 2021-00689 

[*1]Felix Glaubach, Individually and in His Capacity as a Board Member of Personal Touch Holding Corp., Plaintiff-Appellant,
v
Graubard Miller et al., Defendants-Respondents.


Andrew Lavoott Bluestone, New York, for appellant.
Akerman LLP, New York (David F. Bayne of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about February 26, 2021, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff, who sues individually and in his capacity as a board member of Personal Touch Holding Corp., lacks standing to commence this action. The complaint, which asserts a single cause of action for legal malpractice, is premised on defendants' allegedly deficient pleading of causes of action under Business Corporation Law § 720. Any BCL 720 causes of action, however, belonged to the corporation, not to plaintiff as an individual. Thus, only the corporation has standing to sue for legal malpractice arising from those causes of action (see Walker v Saftler, Saftler & Kirschner, 239 AD2d 252, 252 [1st Dept 1997]), and plaintiff does not dispute that he has failed to plead the pre-suit requirements necessary to sue derivatively on behalf of the corporation under Business Corporation Law § 626 (see Griffith v Medical Quadrangle, Inc., 5 AD3d 151, 152 [1st Dept 2004]). Furthermore, plaintiff's payment of legal fees does not confer standing on him (see Priest v Hennessy, 51 NY2d 62, 69-70 [1980]; Kalish v Lindsay, 47 AD3d 889, 891 [2d Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021