Matter of Vignali v City of New York (2023 NY Slip Op 06227)

Matter of Vignali v City of New York

2023 NY Slip Op 06227

Decided on December 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2023

Before: Kern, J.P., Gesmer, Moulton, Kennedy, Higgitt, JJ. 

Index No. 151552/23 Appeal No. 1155 Case No. 2023-02176 

[*1]In the Matter of Brian Vignali, Petitioner-Appellant,
v
The City of New York et al., Respondents-Respondents.

Jimmy Wagner, Brooklyn, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Diana Lawless of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (Sabrina Kraus, J.), entered on or about April 25, 2023, which denied the petition to annul the determination of City of New York Reasonable Accommodation Appeals Panel, dated October 26, 2022, denying petitioner's request for a religious exemption from the COVID-19 vaccination requirement for employees of respondent The City of New York, granted respondents' cross-motion to dismiss the petition, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
We reject as moot petitioner's challenge to the denial of his request for a religious exemption to the vaccination mandate, given that the requirement for City employees to be excluded from their workplaces if they failed to submit proof of compliance with the mandate has been repealed and was never enforced against petitioner (see e.g. Matter of New York State Constr. Safety Assn. v New York City Dept. of Health & Mental Hygiene, 205 AD3d 576, 577 [1st Dept 2022]; People v Amazon.com, 205 AD3d 485, 487 [1st Dept 2022]). The possibility that some form of vaccine mandate might be enforced at some unknown time in the future does not provide a basis for the proceeding to escape the mootness doctrine, and the likelihood of such a mandate is, in any event, speculative (see e.g. Matter of Only Props. LLC v New York City Dept. of Bldgs., 211 AD3d 541, 541 [1st Dept 2022]; Encore Coll. Bookstores, Inc. v City Univ. of N.Y., 75 AD3d 442, 442 [1st Dept 2010]).
Furthermore, the "narrow exception" to the mootness doctrine — that is, the exception that gives us the discretion to review a case if the controversy or issue involved is likely to recur, typically evades review, and raises a substantial and novel question — does not apply here (see Wisholek v Douglas, 97 NY2d 740, 742 [2002]; Matter of Santiago v Berlin, 111 AD3d 487, 487 [1st Dept 2013]). Petitioner does not raise issues so likely to evade review as to justify departing from the standard rules governing mootness (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 811 [2003], cert denied 540 US 1017 [2003]), nor does he raise novel questions (Wisholek, 97 NY2d at 742; Matter of Marsteller v City of New York, 217 AD3d 543, 544 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2023