## Matter of Village Ventura Assoc. LLC v State of N.Y. Off. of Temporary & Disability Assistance

2025 NY Slip Op 30438(U)

February 4, 2025

Supreme Court, New York County

Docket Number: Index No. 157545/2023

Judge: Shahabuddeen A. Ally

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. SHAHABUDDEEN ABID ALLY**                PART 16M
*Justice*

---

In the Matter of the Application of

VILLAGE VENTURA ASSOCIATES LLC and
VENTURA LAND CORP.,

                                    Petitioners,

For a Judgment Pursuant to Article 78 of the Civil Practice
Law and Rules,

                    -against-

THE STATE OF NEW YORK OFFICE OF
TEMPORARY AND DISABILITY ASSISTANCE,

                                    Respondent.

| | |
|---|---|
| INDEX NO. | 157545/2023 |
| MOTION DATE | 12/7/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION & ORDER**

---

The following e-filed documents, listed by NYSCEF document number, were read on this motion and cross-motion (Seq. No. 1) to/for **ARTICLE 78 (BODY OR OFFICER)/DISMISSAL**: 1-15, 21-26

In this Article 78 proceeding, petitioners VILLAGE VENTURA ASSOCIATES LLC and VENTURA LAND CORP. (together, "Petitioners") seek judicial review of the decision of respondent THE STATE OF NEW YORK OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE ("Respondent") denying Petitioners' application for New York State COVID-19 Landlord Rental Assistance Program ("LRAP"). Respondent cross-moves for dismissal, but Petitioners have not submitted opposition to the cross-motion. For the reasons discussed below, Respondent's cross-motion is **GRANTED**, the Notice of Petition is **DENIED**, and the Verified Petition is **DENIED** and **DISMISSED**.

## I.    BACKGROUND

On or about October 7, 2021, Petitioners submitted an application under LRAP for the premises located at 128 West 13th Street, Apartment 7, New York, New York (the "Apartment") (the "LRAP Application"). (*See* Verified Pet. (NYSCEF Doc. 1) ¶¶ 7, 16) On or about November

---

157545/2023 Village Ventura Associates LLC v. The State of N.Y. Office of Temporary and Disability Assistance     Page 1 of 5
Mot. Seq. No. 001

18, 2021, Respondent approved the LRAP Application and paid $31,271.28 in rental arrears to Petitioners. (*Id.* ¶ 17)

On or about January 12, 2023, Respondent issued a notice to Petitioners (the "1/12/2023 Notice") stating that an overpayment in the amount of $31,271.28 had been made on the LRAP Application. (*Id.* ¶ 18) The 1/12/2023 Notice requested that Petitioners return the overpayment amount to Respondent. (*Id.*)

On or about February 10, 2023, Petitioners submitted an administrative appeal of the 1/12/2023 Notice to Respondent. (*Id.* ¶ 24) On or about March 28, 2023, Respondent issued a decision on Petitioners' administrative appeal (the "3/28/2023 Appeal Decision"), affirming the overpayment determination in the 1/12/2023 Notice. (*Id.* ¶ 26)

On July 28, 2023, Petitioners filed the Verified Petition in this Article 78 proceeding. (*See* Verified Pet.) The Verified Petition seeks reversal of the 3/28/2023 Appeal Decision and the 1/12/2023 Notice, a finding that Petitioners were properly paid in the first instance, and an order directing Respondent to repay Petitioners in the amount of $31,271.28. (*Id.* at WHEREFORE Clause)

On or about August 24, 2023, Respondent notified Petitioner that the 1/12/2023 Notice had been issued in error and was rescinded. (*See* Aff. of Rajni Chawla in Supp. of Resp't's Cross-Mot. to Dismiss, sworn to on November 28, 2023 ("*Chawla Aff.*") (NYSCEF Doc. 23), ¶ 21; *id.* Ex. A) On or about August 28, 2023, Respondent issued a new notice of denial of Petitioners' LRAP Application (the "8/28/2023 Notice"). (*Id.* ¶ 22) The 8/28/2023 Notice stated that the Apartment's rental amount exceeded 150% of fair market rent for the unit size, contrary to LRAP's eligibility requirements. (*Id.*; *id.* Ex. B at p. 1) The 8/28/2023 Notice further stated that Petitioner could submit an administrative appeal of the determination within 30 days. (*Id.* ¶ 24; *id.* Ex. B at p. 1) Petitioner did not submit an administrative appeal of the 8/28/2023 Notice within 30 days of its issuance. (*Id.* ¶ 25)

Petitioners do not dispute any of the foregoing facts. Instead, Petitioners assert that because Respondent did not identify the grounds for its claim of overpayment and recoupment in the 1/12/2023 Notice, Petitioners lacked notice as to the basis of Respondent's decision and therefore could not formulate grounds for an appeal, thus denying Petitioners due process. (*See*

157545/2023 Village Ventura Associates LLC v. The State of N.Y. Office of Temporary and Disability Assistance     Page 2 of 5
Mot. Seq. No. 001

2 of 5

Verified Pet. ¶ 35) Respondent asserts that this Court should dismiss the Petition pursuant to CPLR 3211(a)(2) on grounds of mootness.

## II.    DISCUSSION

In an Article 78 proceeding a court reviews an agency decision to determine whether it violates lawful procedures, is arbitrary or capricious, or is affected by an error of law. CPLR § 7803(3); *Kent v. Lefkowitz*, 27 N.Y.3d 499, 505 (2016); *W. 58th St. Coalition, Inc. v. City of N.Y.*, 188 A.D.3d 1, 8 (1st Dep't 2020). "This review is deferential for it is not the role of the courts to weigh the desirability of any action or choose among alternatives." *Save America's Clocks, Inc. v. City of N.Y.*, 33 N.Y.3d 198, 207 (2019) (internal quotation marks omitted). "[E]ven if different conclusions could be reached as a result of conflicting evidence," a reviewing court may not substitute its own judgment for that of the agency making the determination. *Partnership 92 LP v. N.Y.S. Div. of Hous. & Community Renewal*, 46 A.D.3d 425, 429 (1st Dep't 2007). "[T]he courts cannot interfere unless there is no rational basis for the exercise of discretion" or "the action is without sound basis in reason . . . and taken without regard to the facts." *Save America's Clocks*, 33 N.Y.3d at 207 (quoting *Pell v. Bd. of Educ. of Union Free Sch. Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester Cty.*, 34 N.

Where, as here, the administrative process results in a superseding determination, a request for Article 78 review of the earlier decision becomes academic. *See, e.g., 985 Fifth Ave. LLC v. Reiss*, 8 A.D.3d 11, 12 (1st Dep't 2004); *see also Moisset v. Travis*, 97 N.Y.2d 673, 674 (2001) (affirming Appellate Division's dismissal of appeal as moot where the parole agency made a new determination during the pendency of the appeal). The "issuance of a superseding appeal decision subsequent to the determination that petitioner seeks to have annulled" renders the proceeding moot. *Grand Imperial, LLC v. City of N.Y.*, Index No. 157674/2017, 2018 WL 2689539, at *1 (N.Y. Sup. Ct. N.Y. Cnty. June 1, 2018); *see also Santiago v. Berlin*, 111 A.D.3d 487, 487 (1st Dep't 2013) (same).

Petitioners' claims concern the 3/28/2023 Appeal Decision, which they allege was arbitrary and capricious because it "entirely failed to set forth a basis for the decision." (*See* Verified Pet. ¶ 31) However, after the commencement of this proceeding, Respondent rescinded the challenged determination and issued the 8/28/2023 Notice, which superseded the earlier determinations. The 8/28/2023 Notice set forth specific grounds for denial of the LRAP Application, namely,

157545/2023 Village Ventura Associates LLC v. The State of N.Y. Office of Temporary and Disability Assistance    Page 3 of 5
Mot. Seq. No. 001

[* 3]

that the Apartment's rental amount exceeded 150% of the fair market rent for an apartment of that size. (*See* Chawla Aff. ¶¶ 22-23; *id.* Ex. B at p. 1) Upon its issuance, the determination reflected in the 8/28/2023 Notice became the only Respondent determination that Petitioners could properly subject to Article 78 review. Because the 1/12/2023 Notice and the 3/28/2023 Appeal Decision have been rescinded by Respondent, there is no longer any relief Petitioners can obtain with respect to the challenged determination. As such, "petitioner[s'] rights will no longer be affected by the determination of the [Verified Petition] and the judgment will not have an immediate consequence for [them]." *Klein v. N.Y.C. Admin. for Children's Servs.*, 84 A.D.3d 689, 690 (1st Dep't 2011).

Once again, the Court notes that Petitioners have not filed any opposition to Respondent's cross-motion.

Accordingly, it is hereby:

**ORDERED** that Respondent's cross-motion to dismiss (Seq. No. 1) is **GRANTED**, and Petitioners' Notice of Petition (Seq. No. 1) is accordingly **DENIED as moot**; and it is further

**ORDERED and ADJUDGED** that the Verified Petition is **DENIED** and **DISMISSED**, and this proceeding is **DISMISSED**; and it is further

**ORDERED** that Respondent shall serve a copy of this Decision and Order upon Petitioners and upon the Clerk of the General Clerk's Office with notice of entry within twenty (20) days thereof; and it is further

**ORDERED** that service upon the Clerk of Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (Revised August 15, 2019);[1] and it is further

**ORDERED** that any requested relief not expressly addressed herein has been considered and is denied; and it is further

**ORDERED** that the Clerk shall mark Motion Sequence No. 1 decided in all court records; and it is further

---

[1] The protocols are available at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf.

**157545/2023 Village Ventura Associates LLC v. The State of N.Y. Office of Temporary and Disability Assistance**          **Page 4 of 5**
**Mot. Seq. No. 001**

[* 4]                                           4 of 5

**ORDERED** that the Clerk shall mark this proceeding disposed in all court records.

This constitutes the decision and order of the Court.

February 4, 2025
DATE

SHAHABUDDEEN A. ALLY, A.J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| MOTION: | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| CROSS-MOTION: | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| CHECK IF APPROPRIATE: | | SETTLE ORDER | | SUBMIT ORDER | STAY CASE |
| | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

157545/2023 Village Ventura Associates LLC v. The State of N.Y. Office of Temporary and Disability Assistance     Page 5 of 5
Mot. Seq. No. 001

[* 5]