Matter of Family Deli Mart Corp. v New York City Dept. of Fin. (2025 NY Slip Op 51807(U))

[*1]

Matter of Family Deli Mart Corp. v New York City Dept. of Fin.

2025 NY Slip Op 51807(U)

Decided on November 14, 2025

Supreme Court, Bronx County

Crawford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 14, 2025
Supreme Court, Bronx County

In the Matter of the Application of Family Deli Mart Corp., Petitioner,

against
New York City Department of Finance and OFFICE OF THE NEW YORK CITY SHERIFF, Respondents.

Index No. 813884/2024E

Ashlee Crawford, J.

In this Article 78 proceeding, petitioner Family Deli Mart Corp. seeks an order: (i) declaring that the issuance of the immediate order of closure no. BX4011EASTTREMONTAVENUE071624 on July 16, 2024 to petitioner and/or against its leasehold at the premises located at 4011 East Tremont Avenue, Store D, Bronx, New York, was arbitrary and capricious; (ii) declaring that the issuance of the final decision on order of closure, which ordered the sealing order to continue and remain in place against petitioner and/or its leasehold, was arbitrary and capricious; and (iii) vacating both the sealing order and the final decision in their entirety.
Respondents cross-move to dismiss pursuant to CPLR §§ 3211(a)(2) and 7804(f) solely on the ground that the claims underlying the petition are moot, depriving the Court of subject matter jurisdiction. In opposition to the cross-motion, petitioner concedes that that prong of the petition seeking affirmative injunctive relief is moot, but argues that its application for declaratory relief is not (Opp. to Cross-Motion ¶ 15 [NYSCEF Doc. 29]).
Background
Petitioner alleges that on July 16, 2024, the office of Sheriff Anthony Miranda conducted a warrantless search of the building located at 4011 East Tremont Avenue, in the Bronx, and [*2]incorrectly determined that petitioner was engaged in the sale of cannabis products without a license and posed an imminent threat to public safety and health (Petition ¶ 10 [NYSCEF Doc. 1]). The building at issue is divided into four commercial units: Store A is an interior unit leased to a non-party for printing design and/or storage purposes; Store B houses a fast-food restaurant; Store C is the location of a nail salon; and Store D is home to petitioner's deli (Kassim Aff. ¶ 3 [NYSCEF Doc. 6]; Hidais Aff. ¶ 2 [NYSCEF Doc. 8]). Each unit is leased to a separate, unrelated entity, and has a separate means of egress (Petition ¶ 12; Kassim Aff. ¶¶ 5-6). 
As a result of the search, the Sheriff's Office found a large stockpile of cannabis in Store A, but found no cannabis in petitioner's deli, Store D (Petition ¶ 13). Notwithstanding, the Sheriff's Office issued a summons against petitioner, providing that "at t/p/o cannabis & cannabis marked products were observed for sale [without] a valid retail license," in violation of Administrative Code § 7-551(A) (Summons [NYSCEF Doc. 4]). The Sheriff's Office also issued an immediate order of closure, or "sealing order," immediately closing petitioner's business, subject to review at a hearing before the Office of Administrative Trials and Hearings ("OATH") (Sealing Order [NYSCEF Doc. 5]).[FN1]
According to petitioner's counsel, the Mayor and Sheriff held a press conference in front of petitioner's business following the search and closure, touting the largest drug bust in Bronx history (12/5/24 Tr. 19:17-20:4).
A hearing was held before OATH on July, 24, 2024. The OATH hearing officer found that the summons and sealing order were not timely filed with OATH and, therefore, dismissed the summons and recommended that the Sheriff's Office lift the sealing order (OATH Order [NYSCEF Doc. 2]). 
The Sheriff's Office issued a final decision on the sealing order, dated July 30, 2024, which declined to adopt OATH's recommendation to lift the sealing order. Rather, the Sheriff's Office concluded "[t]here is sufficient evidence to establish that unlicensed cannabis was for sale at the premises" and directed the premises to remain closed for one year from the date of the sealing order (Sheriff's Final Decision [NYSCEF Doc. 3]).
Petitioner commenced this Article 78 proceeding, alleging that the summons and sealing order were improper, since the alleged cannabis was not found in petitioner's deli; and that the sealing order cannot be maintained after the summons was dismissed by OATH. Petitioner also contends that respondents failed to comply with procedural requirements governing the issuance and service of a summons and sealing order. 
At oral argument on the petition, held on September 24, 2024, the City appeared but had not filed written opposition to the petition. The Court granted the City leave to file opposition and adjourned for continued argument. In the interim, by order dated October 9, 2024, the Court directed respondents to unseal and remove locks on petitioner's leasehold, and held that petitioner could resume its business at the premises pending a determination on the petition (Interim Order [NYSCEF Doc. 21]). 
In accordance with the Court's interim order, petitioner's deli was unsealed on October 1, 2024. Thereafter, on October 31, 2024, the Sheriff's Office voluntarily issued a decision vacating the sealing order (Vacatur Order [NYSCEF Doc. 26]). The City and Sheriff's Office then cross-moved to dismiss this Article 78 proceeding as moot, without opposing the merits of [*3]the petition and without offering any evidence whatsoever to support the summons and sealing order in the first instance (see NYSCEF Docs. 22-27).

Discussion
"In reviewing an administrative agency determination, [courts] must ascertain whether there is a rational basis for the action in question or whether it is arbitrary and capricious" (Peckham v Calogero, 12 NY3d 424, 431 [2009][citation omitted]; CPLR 7803[3]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (id.; see also Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). "If the determination has a rational basis, it will be sustained, even if a different result would not be unreasonable" (LL 410 East 78th Street LLC v Division of Housing and Community Renewal, — NY3d —, 2025 WL 863251, *2 [2025]; see also Wooley v New York State Dept. of Correctional Services, 15 NY3d 275, 280 [2010]).
Respondents contend that the petition has been rendered entirely moot by the Sheriff's voluntary vacatur of the sealing order. Petitioner concedes that its application for injunctive relief is moot, but insists that that part of the petition seeking declaratory judgment is still properly before the Court. Petitioner contends that respondents' closure of its business was a significant government taking that resulted in monetary harm (not sought in this proceeding), public humiliation, and loss of good will in the community which had been built up over many years of conducting business.
"Typically, the doctrine of mootness is involved where a change in circumstances prevents a court from rendering a decision that would effectively determine an actual controversy" (Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172 [2002]). A controversy is not moot where relief remains "at least theoretically available" (id.). Here, because the Sheriff's Office voluntarily vacated the final sealing order, there is no actual controversy remaining for the Court to determine, rendering this Article 78 proceeding moot (Vignali v City of New York, 222 AD3d 419, 419-420 [1st Dept 2023], lv denied 42 NY3d 905 [2024]; Only Properties LLC v New York City Dept. of Buildings, 211 AD3d 541 [1st Dept 2022], lv denied 40 NY3d 908 [2023]; Matter of Santiago v Berlin, 111 AD3d 487 [1st Dept 2013]; Eve & Mike Pharm., Inc. v Greenwich Pooh, LLC, 107 AD3d 505 [1st Dept 2013]).
Accordingly, it is hereby
ORDERED that the Article 78 petition is DENIED as moot, and respondents' cross-motion to dismiss the petition as moot is GRANTED and this proceeding is DISMISSED.
This constitutes the decision and order of the Court.
DATE 11/14/25
ASHLEE CRAWFORD, J.S.C.

Footnotes

Footnote 1:Petitioner contends that it was never properly served with the summons and sealing order (Petition ¶ 16).