■ YIOUTI RESTAURANT, INC., Doing Business as DORIAN RESTAURANT, Respondent, v SETIRI S. SOTIRIOU, Appellant, and JED ABRAMS et al., Respondents.—In an action to recover damages for legal malpractice, the defendant Setiri S. Sotiriou appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Hentel, J.), dated August 16, 1988, as granted the plaintiff's motion for partial summary judgment against him on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

We agree with the Supreme Court that the plaintiff corpora-

tion was entitled to summary judgment on the issue of liability since there are no issues of fact to be determined and no meritorious defenses (CPLR 3212 [b]; *Peoples Natl. Bank v Weiner,* 129 AD2d 782). The defendant Setiri S. Sotiriou, who was retained by the plaintiff corporation to handle the purchase of a restaurant, concedes that he failed to give notice of the sale at least 10 days prior to the closing as required by Tax Law § 1141 (c). Under this provision, the plaintiff could not have been held personally liable for the restaurant's sales and use taxes if timely notice had been filed, or if the defendant had instructed the plaintiff to withhold sufficient funds from the seller for at least 90 days. The Supreme Court's determination that the defendant Sotiriou was liable for legal malpractice in his representation of the plaintiff in the sales transaction was therefore proper *(see, Peoples Natl. Bank v Weiner,* 129 AD2d 782, *supra).*

The defendant Sotiriou's claim that the plaintiff's tax liability was caused by its failure to exhaust its administrative remedies to challenge the tax assessment other than his untimely filing of the bulk sales notice is without merit. The possibility that an administrative appeal would have lessened the tax consequences to the plaintiff is no defense to the plaintiff's claim that had it been properly advised, the tax assessment would have been obviated entirely *(see, Kramer v Belfi,* 106 AD2d 615, 616).

We have examined the defendant Sotiriou's remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Sullivan and Rosenblatt, JJ., concur.