■ CHAN MING, Respondent, v CHUI PAK HOI et al., Appellants.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered on or about March 21, 1989, which granted defendants' motion for dismissal pursuant to CPLR 3126, or, alternatively, pursuant to CPLR 3212, and for sanctions, only to the extent of finding that the complaint failed to state a cause of action and which allowed plaintiff to replead and amend; and order of the same court entered September 12, 1989, which granted defendants' motion for dismissal pursuant to CPLR 3211 (a) (7) without prejudice to plantiff to move to serve an amended complaint, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of granting defendants' motion for dismissal pursuant to CPLR 3211 (a) (7) with prejudice, and otherwise affirmed, without costs.

Plaintiff is a member of the Sun Wei Association, Inc. (Association), a not-for-profit fraternal and benevolent association of which defendant Chui Pak Hoi is president. Alleging misconduct on the part of Hoi and other officers, plaintiff and others commenced a companion derivative action on behalf of the Association against its officers (index No. 281618/86). Plaintiff, *pro se,* commenced this action against Hoi and others seeking compensatory and punitive damages based upon alleged defamation and malice as the result of a notice given by Hoi in the removal of plaintiff from his position on the "supervising committee" of the Association.

Defendants moved to dismiss the complaint for failure of plaintiff to provide an EBT after court order or, alternatively, for summary judgment for failure to state a cause of action for libel, and for other relief including sanctions. The IAS court found that plaintiff had not set forth the exact words of

the alleged defamation as required by CPLR 3016 (a), that the words did not appear to be libelous per se, that even if they were, a qualified privilege attaches to internal communications of membership associations, lodges, etc. (44 NY Jur 2d, Defamation and Privacy, § 78), and that, therefore, in the absence of a showing of actual malice, the words were not actionable. The court also found that plaintiff had made no showing of publication of the alleged defamation. The IAS court accordingly dismissed the complaint for failure to state a cause of action with leave to replead.

After service of an amended complaint, defendants moved, *inter alia*, to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, to consolidate this action with the companion derivative action, and for sanctions. The IAS court found that the amended pleading was still deficient for failure to set forth the exact words of the defamation and for failure to detail the pecuniary damages sustained. The IAS court dismissed the complaint without prejudice to plaintiff to move to serve an amended complaint pursuant to CPLR 3025 (b). In addition the IAS court refused to consolidate this private claim with the derivative action on the grounds that the two actions were based on different causes of action and there was no identity of parties. The IAS court also found that sanctions were not warranted. We agree.

Defendants contend that the complaint should be dismissed with prejudice. Upon a motion to dismiss, a pleading will be liberally construed and such motion will not be granted unless, as here, the moving papers conclusively establish that no cause of action exists (CPLR 3211 [a] [7]; *Ragto, Inc. v Schneiderman,* 69 AD2d 815, *affd* 49 NY2d 975). Here, the plaintiffs have failed to set forth a triable claim and thus dismissal with prejudice is appropriate. Moreover, because the companion case was a derivative action with different parties, the court properly refused consolidation. The court was also within its discretion in refusing to award sanctions herein (22 NYCRR part 130). Concur—Kupferman, J. P., Sullivan, Carro and Milonas, JJ.