■ MICHAEL KEMPF et al., Appellants, et al., Plaintiff, v KENNETH S. MAGIDA, Respondent. [832 NYS2d 47]—

In an action to recover damages for legal malpractice, the plaintiffs Michael Kempf and Suffolk Systems, Inc., appeal from so much of an order of the Supreme Court, Nassau County (Dunne, J.), entered September 1, 2005, as granted that branch of the defendant's motion pursuant to CPLR 3211 (a) (7) which was to dismiss the cause of action alleging legal malpractice arising from a civil forfeiture proceeding.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was to dismiss the cause of action alleging legal malpractice arising from the civil forfeiture proceeding is denied.

The Supreme Court erred in dismissing the cause of action alleging legal malpractice arising from a civil forfeiture proceeding. On a motion to dismiss pursuant to CPLR 3211 (a) (7), the pleading is to be afforded a liberal construction. The court must accept the facts alleged in the complaint as true, accord the plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303 [2001]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

Accepting all the facts alleged in the complaint as true, the plaintiffs stated a cause of action alleging legal malpractice in the forfeiture proceeding. The plaintiffs alleged in their complaint, inter alia, that the defendant was negligent for failing to become familiar with the forfeiture law and agreeing to the settlement terms without attempting to negotiate, and that his negligence was a proximate cause of their damages. While a legal malpractice action is unlikely to succeed where an attorney erred because an issue of law was unsettled or debatable (*see Darby & Darby v VSI Intl.*, 95 NY2d 308, 315 [2000]), an attorney may be liable for a failure to conduct adequate legal research (*see McCoy v Tepper*, 261 AD2d 592 [1999]; *Gardner v Jacon*, 148 AD2d 794 [1989]).

The defendant's contention regarding damages is also without merit. The plaintiffs are not obligated to show, at this stage of the pleadings, that they actually sustained damages. They need only plead allegations from which damages attributable to the defendant's malpractice might be reasonably inferred (*see InKine Pharm. Co. v Coleman*, 305 AD2d 151 [2003]). In any event, the plaintiffs have pleaded actual damages.

The plaintiffs correctly contend that they were not required to submit an "affidavit" in opposition to the defendant's motion to dismiss pursuant to CPLR 3211 (a) (7). CPLR 3211 allows a plaintiff to submit affidavits, but it does not obligate the plaintiff to do so on penalty of dismissal, as under CPLR 3212. If a plaintiff chooses to stand on the pleading alone, confident that the allegations therein are sufficient to state all of the necessary elements of a cognizable cause of action, he or she is at liberty to do so and, unless the motion is converted by the court to one for summary judgment, the plaintiff will not be penalized for not making an evidentiary showing in support of the complaint (*see Rich v Lefkovits*, 56 NY2d 276, 282 [1982]; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]). Furthermore, a verified pleading may be utilized as an affidavit whenever the latter is required (*see* CPLR 105 [u]).

The plaintiffs also correctly contend that the court excessively credited the defendant's affidavit. The defendant's affidavit did not conclusively establish that the plaintiffs had no cause of action. It merely disputed some of the factual allegations of the complaint (*see Skillgames, LLC v Brody*, 1 AD3d 247, 251 [2003]).

Finally, the plaintiffs correctly contend that the court improperly used a summary judgment standard in deciding the motion to dismiss. By focusing on the proof in the plaintiffs' submission in opposition, the court effectively treated the motion as one for summary judgment, which requires disclosure of all of the evidence on the disputed issues. The mere fact that a plaintiff cannot withstand a motion for summary judgment under CPLR 3212 is not controlling on a motion under CPLR 3211 (*see Rovello v Orofino Realty Co., supra*). If a court decides to treat a CPLR 3211 motion as a motion for summary judgment, it must first provide adequate notice to the parties, which it did not do here (*id.*). Schmidt, J.P., Rivera, Covello and Balkin, JJ., concur.