■ CINDY BERMAN, Appellant, v CHRIST APOSTOLIC CHURCH INTERNATIONAL MIRACLE CENTER, INC., et al., Respondents, et al., Defendants. [931 NYS2d 74]—

In 1996 the plaintiff loaned the defendant Christ Apostolic Church International Miracle Center, Inc. (hereinafter the Church), the sum of $259,000, secured by a mortgage on the Church's property. On May 20, 2004, the Church executed an amended mortgage note in the same amount. The same day, the plaintiff executed a power of attorney appointing Jack Berman (hereinafter Berman) as her attorney-in-fact for matters of real estate transactions, banking transactions, and tax matters, limited to "any and all matters related to the mortgage and

financing for [the Church's] property . . . and specifically including the refinancing of the mortgage for said property on May 20, 2004."

In June 2007 the Church requested the payoff amount from the plaintiff. In response, the plaintiff's counsel notified the Church of the payoff amount, with instructions that payment be made payable to Berman. On August 24, 2007, the Church refinanced its mortgage with the defendant JP Morgan Chase Bank, N.A. (hereinafter Chase). Berman sent Chase a letter with a final payoff amount of $147,547.19 for the plaintiff's mortgage, as amended. Chase issued a check payable to the plaintiff for that amount. Although the facts surrounding the plaintiff's alleged actual receipt of this check are in dispute, it is undisputed that the check was thereafter redeposited into a Church account. Moreover, on May 3, 2008, Berman entered into an agreement with the Church (hereinafter the certificate of deposit agreement), stating:

"It is mutually agreed that Jack Berman now and forever is the sole owner of the sum of $147,547.19 which is being loaned to the [Church] for the purpose of buying a Certificate of Deposit which will pay interest at the rate of 5.31% annually and have a maturity date of seven (7) months.

"Upon maturity, the principal sum is to be returned to Jack Berman and all accrued interest to be divided equally between Jack Berman and the [Church]. Maturity date is November, 2008."

In February 2009 the plaintiff commenced this action against the Church, Chase, and several nominal defendants, seeking, inter alia, to foreclose the amended mortgage. The plaintiff subsequently amended the complaint to add Joseph Ayeni as a defendant and to add causes of action to recover damages for fraud and conversion related to the certificate of deposit agreement. The amended complaint alleged that the Church never had any intention of complying with the certificate of deposit agreement, and that Ayeni closed the certificate of deposit before maturity and fled to Africa without returning the principal funds or the interest due thereon.

The plaintiff then moved pursuant to CPLR 3025 for leave to serve a second amended complaint, submitting an affidavit by Berman intended to correct certain factual allegations in the amended complaint. In his affidavit, Berman further asserted that he executed the certificate of deposit agreement only because of unspecified threats made by the Church, an allegation he repeated in a later affidavit. Chase cross-moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the amended

complaint insofar as asserted against it. The Church and Ayeni likewise cross-moved, among other things, pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against them. The Supreme Court denied the plaintiff's motion and granted those branches of the cross motions of Chase, the Church, and Ayeni (hereinafter collectively the defendants) which were pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against each of them. The plaintiff appeals from so much of the order as granted those branches of the cross motions which were to dismiss the amended complaint insofar as asserted against each of the defendants.

On a motion to dismiss for failure to state a cause of action, the pleading is to be afforded a liberal construction (*see* CPLR 3026). "The facts pleaded are presumed to be true and are to be accorded every favorable inference, although bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (*Mayer v Sanders*, 264 AD2d 827, 828 [1999]; *see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303 [2001]).

The Supreme Court properly held that the first cause of action to foreclose the amended mortgage should be dismissed, with prejudice, as it is clear from the face of the complaint that the amended mortgage was satisfied by Berman's receipt of the payoff check (*see Laxer v Edelman*, 75 AD3d 584 [2010]; *Chan Ming v Chui Pak Hoi*, 163 AD2d 268, 269 [1990]). Pursuant to the power of attorney, Berman had the authority to accept a payoff of the amended mortgage on the plaintiff's behalf. Once Berman accepted the payoff, thus satisfying the plaintiff's mortgage, the certificate of deposit agreement could not serve to give the plaintiff's interest in the Church's property priority over the rights of Chase (*see Bogert v Bliss*, 148 NY 194, 200 [1896]; *Truscott v King*, 6 NY 147, 162 [1852]; *cf. State Bank of Albany v Fioravanti*, 51 NY2d 638 [1980]; *Norstar Bank v Morabito*, 201 AD2d 545, 547 [1994]; *Skaneateles Sav. Bank v Herold*, 50 AD2d 85, 88 [1975], *affd* 40 NY2d 999 [1976]; *Bank of New York v Cerasaro*, 98 AD2d 902, 903 [1983]).

The second and third causes of action in the amended complaint sought to recover damages for fraud and conversion related to the certificate of deposit agreement. On a motion to dismiss for failure to state a cause of action, affidavits are not to be examined for the purpose of determining whether there is evidentiary support for the pleading (*see Kempf v Magida*, 37 AD3d 763 [2007]), but " 'a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the

complaint' " (*McGuire v Sterling Doubleday Enters., L.P.,* 19 AD3d 660, 661 [2005], quoting *Leon v Martinez,* 84 NY2d 83, 88 [1994]; *see Rovello v Orofino Realty Co.,* 40 NY2d 633, 635 [1976]). Amplified by the affidavits submitted by the plaintiff, the amended complaint alleged that Berman executed the certificate of deposit agreement under duress. It further alleged that Ayeni closed the certificate of deposit before maturity and fled to Africa, without tendering any interest or the principal to the plaintiff. Since these allegations adequately support causes of action for conversion and fraud, the Supreme Court erred in granting those branches of the cross motion of the Church and Ayeni which were pursuant to CPLR 3211 (a) to dismiss these causes of action insofar as asserted against them.

Contrary to the Church's further contention, the plaintiff has standing to assert her claims despite the language of the certificate of deposit agreement declaring Berman to be the sole owner of the subject funds. The plaintiff alleged that she was the actual owner of those funds and that the Church knew she was the owner when it entered into the certificate of deposit agreement. Accordingly, the plaintiff stated causes of action and has standing to recover for conversion of the check and funds against the Church and Ayeni (*see generally Thyroff v Nationwide Mut. Ins. Co.,* 8 NY3d 283 [2007]), and to impose a constructive trust upon the funds on the ground of fraud (*see Simonds v Simonds,* 45 NY2d 233, 241 [1978]). Alternatively, if Berman executed the certificate of deposit agreement on the plaintiff's behalf, she stated causes of action to rescind the contract on the ground of duress and to recover damages for breach of contract.

Since the second and third causes of action concern a new loan to the Church, and not the amended mortgage, which was extinguished, they are not barred by the election of remedies provisions of RPAPL 1301. Finally, Berman is not a necessary party to this action (*see* CPLR 1001 [a]).

The Church's remaining contention is without merit (*see* CPLR 5520 [c]; *cf. Copp v Ramirez,* 62 AD3d 23, 27-28 [2009]). Mastro, J.P., Dillon, Angiolillo and Balkin, JJ., concur.