■ RICHARD RANDAZZO et al., Appellants, v ERIC NELSON, Respondent. [9 NYS3d 394]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Fusco, J.), dated November 20, 2013, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 to dismiss the legal malpractice cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was to dismiss the legal malpractice cause of action is denied.

The plaintiffs retained the defendant attorney to represent them in the purchase of a delicatessen known as Gentile's, Inc.

(hereinafter Gentile's), in Staten Island. The transaction was consummated through a stock purchase agreement dated December 10, 2009. Prior to the February 25, 2010, closing, Gentile's was dissolved by proclamation. The defendant drafted an indemnification and escrow agreement, which was executed at the closing, in which the seller agreed to indemnify the plaintiffs for claims relating to the period prior to closing. Funds were to be held in escrow by the seller's attorney for seven days for the payment of liens. After receipt of a March 2, 2010, statement of tax liabilities from the Department of Taxation and Finance (hereinafter the Department), the seller paid the known outstanding tax liabilities, and the defendant authorized the release to the seller of the funds held in escrow. Almost two months later, the plaintiffs received notice from the Department that Gentile's had outstanding sales tax liabilities, which had attached to their successor delicatessen pursuant to Tax Law § 1141 (c).

The plaintiffs commenced this action against the defendant alleging, inter alia, legal malpractice. The defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). The Supreme Court granted the motion, and the plaintiffs appeal.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory (see CPLR 3026; *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Thompson Bros. Pile Corp. v Rosenblum*, 121 AD3d 672, 673 [2014]). Where a party offers evidentiary proof on a motion pursuant to CPLR 3211 (a) (7), "the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Bua v Purcell & Ingrao, P.C.*, 99 AD3d 843, 845 [2012]; *Peter F. Gaito Architecture, LLC v Simone Dev. Corp.*, 46 AD3d 530 [2007]). " '[A] court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint' " (*McGuire v Sterling Doubleday Enters., L.P.*, 19 AD3d 660, 661 [2005], quoting *Leon v Martinez*, 84 NY2d at 88; *see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]; *Berman v Christ Apostolic Church Intl. Miracle Ctr., Inc.*, 87 AD3d 1094, 1096-1097 [2011]).

A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only where the documentary evidence ut-

terly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo*, 113 AD3d 587, 588 [2014]).

To state a cause of action to recover damages for legal malpractice, a plaintiff must allege (1) that the attorney failed to exercise the care, skill, and diligence commonly possessed and exercised by a member of the legal profession, and (2) that such negligence was a proximate cause of the actual damages sustained (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Leon Petroleum, LLC v Carl S. Levine & Assoc., P.C.*, 122 AD3d 686 [2014]; *Markel Ins. Co. v American Guar. & Liab. Ins. Co.*, 111 AD3d 678, 680 [2013]). A plaintiff must plead "actual[,] ascertainable damages" resulting from the attorney's negligence (*Dempster v Liotti*, 86 AD3d 169, 177 [2011]; *see Bivona v Danna & Assoc., P.C.*, 123 AD3d 959 [2014]). Conclusory or speculative allegations of damages are insufficient (*see Bua v Purcell & Ingrao, P.C.*, 99 AD3d 843, 845 [2012]; *Hashmi v Messiha*, 65 AD3d 1193, 1195 [2009]). However, "[a] plaintiff is not obligated to show, on a motion to dismiss, that it actually sustained damages. It need only plead allegations from which damages attributable to the defendant's malpractice might be reasonably inferred" (*Rock City Sound, Inc. v Bashian & Farber, LLP*, 74 AD3d 1168, 1171 [2010]; *see Mizuno v Barak*, 113 AD3d 825, 827 [2014]; *Markel Ins. Co. v American Guar. & Liab. Ins. Co.*, 111 AD3d at 680; *Fielding v Kupferman*, 65 AD3d 437, 442 [2009]; *Kempf v Magida*, 37 AD3d 763, 764 [2007]).

Here, the complaint, as amplified by the affidavit of Richard Randazzo (*see Leon v Martinez*, 84 NY2d at 88), alleges that the defendant breached his duty of care, inter alia, by failing to ensure that certain tax liabilities of the seller did not attach to the plaintiffs' successor delicatessen pursuant to Tax Law § 1141 (c). It alleges that the defendant, inter alia, failed to await the final determination of the seller's tax liabilities by the Department, and a notice by the Department that such tax liabilities had been wholly paid or satisfied, or no longer existed, before releasing the purchase funds to the seller. As a result, the outstanding tax liabilities of the seller attached to the plaintiffs, forcing them to close down the business. These allegations sufficiently state a cause of action to recover damages for legal malpractice (*see* Tax Law § 1141 [c]; *Estate of Schneider v Finmann*, 15 NY3d 306 [2010]; *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *Yiouti Rest. v Sotiriou*, 151 AD2d 744 [1989]).

Further, the documents submitted by the defendant did not conclusively establish a defense as a matter of law (*see Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo*, 113 AD3d at 589). Contrary to the defendant's contention, in the absence of evidence that the plaintiffs were made whole in their separate action against the seller pursuant to the indemnification agreement executed at the closing, such indemnification is no defense to the plaintiffs' claim that had they been properly advised, the tax assessment would have been obviated entirely (*see Yiouti Rest. v Sotiriou*, 151 AD2d at 745).

Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was to dismiss the legal malpractice cause of action. Rivera, J.P., Hall, Austin and LaSalle, JJ., concur.

Motion by the respondent on an appeal from an order of the Supreme Court, Richmond County, dated November 20, 2013, to strike stated portions of the appellants' reply brief on the ground that they refer to matter dehors the record and improperly raise arguments for the first time in reply. By decision and order on motion of this Court dated October 10, 2014, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that those branches of the motion which are to strike those portions of the appellants' reply brief which are set forth in paragraph 12, subparagraphs a, b, c, e, f, and h of the affirmation in support of the motion by Joseph Salvo dated September 5, 2014, on the ground that they refer to matter dehors the record, are granted, those portions of the reply brief are deemed stricken and have not been considered on the appeal, and the motion is otherwise denied. Rivera, J.P., Hall, Austin and LaSalle, JJ., concur.