■ VLAD SHOFEL, Respondent, v SAMUEL DAGROSSA, as Executor of MARIA DAGROSSA, Deceased, Defendant/Third-Party Plaintiff-Respondent, et al., Defendants. BAGATTA ASSOCIATES, INC., Third-Party Defendant-Appellant, et al.,Third-Party Defendant. [19 NYS3d 427]—

In an action to recover damages for personal injuries, the third-party defendant Bagatta Associates, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 31, 2014, as denied those branches of its motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the third-party complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the third-party defendant-appellant.

A party may move for judgment dismissing one or more causes of action asserted against it under CPLR 3211 (a) (1) "on the ground that . . . a defense is founded upon documentary evidence." A motion on this ground, however, "may be ap-

propriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Clarke v Laidlaw Tr., Inc.*, 125 AD3d 920, 922 [2015]; *Attias v Costiera*, 120 AD3d 1281, 1282 [2014]). "Neither affidavits, deposition testimony, nor letters are considered 'documentary evidence' within the intendment of CPLR 3211 (a) (1)" (*Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 997 [2010]; *see Attias v Costiera*, 120 AD3d at 1283; *Matter of Walker*, 117 AD3d 838, 839 [2014]; *Fontanetta v John Doe 1*, 73 AD3d 78, 85 [2010]). Here, the third-party defendant Bagatta Associates, Inc. (hereinafter BAI), failed to establish its entitlement to dismissal of the third-party complaint insofar as asserted against it based on a defense founded upon documentary evidence (*see* CPLR 3211 [a] [1]). Accordingly, the Supreme Court properly denied that branch of BAI's motion which was to dismiss the third-party complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1).

The Supreme Court also properly denied that branch of BAI's motion which was pursuant to CPLR 3211 (a) (7). A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7) (*see Sokol v Leader*, 74 AD3d 1180, 1181 [2010]). Nonetheless, it must be kept in mind that a CPLR 3211 (a) (7) motion is not a motion for summary judgment unless the court elects to so treat it under CPLR 3211 (c), after giving adequate notice to the parties (*see* CPLR 3211 [c]; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]). Moreover, "[w]here evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d 849, 851-852 [2012]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]). Here, BAI's evidentiary submissions did not show that a material fact as claimed by the plaintiff to be one is not a fact at all and that no significant dispute exists regarding it. Mastro, J.P., Balkin, Dickerson and Roman, JJ., concur.