■ Nilazra, Inc., Plaintiff, v Karakus, Inc., et al., Defendants, Nellie Levitis, Also Known as Nelly Levitis, Defend-

ant/Third-Party Plaintiff-Respondent, and ERIK IKHILOV, Defendant/Third-Party Defendant-Appellant. [25 NYS3d 650]—

In an action, inter alia, to recover damages for fraud, breach of contract, promissory estoppel, and legal malpractice, the defendant/third-party defendant appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 31, 2015, as denied his motion pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the complaint must be construed liberally, the factual allegations must be deemed to be true, and the nonmoving party must be given the benefit of all favorable inferences (see Leon v Martinez, 84 NY2d 83, 87 [1994]; Carillo v Stony Brook Univ., 119 AD3d 508, 508-509 [2014]). "In opposition to such a motion, a plaintiff may submit affidavits to remedy defects in the complaint and preserve inartfully pleaded, but potentially meritorious claims" (Cron v Hargro Fabrics, 91 NY2d 362, 366 [1998] [internal quotation marks omitted]; see Mills v Gardner, 106 AD3d 885, 886 [2013]). While a court may consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7) (see Sokol v Leader, 74 AD3d 1180, 1181 [2010]), it must be kept in mind that a motion pursuant to CPLR 3211 (a) (7) is not a motion for summary judgment unless the court elects to so treat it under CPLR 3211 (c), after giving adequate notice to the parties (see Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976]; Shofel v Da-Grossa, 133 AD3d 649 [2015]). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R&R Bagels & Bakery, Inc., 100 AD3d 849, 851-852 [2012]; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275 [1977]).

The plaintiff commenced the instant action to recover dam-

ages arising from a sales tax lien that accrued after it purchased a restaurant from the defendant Karakus, Inc. (hereinafter the seller). The defendant/third-party plaintiff, Nellie Levitis, also known as Nelly Levitis (hereinafter Levitis), represented the plaintiff as the purchaser, and the defendant/third-party defendant, Erik Ikhilov, represented the seller. Tax Law § 1141 (c) requires that at least 10 days prior to the transfer of a business, the purchaser must file a notification of sale, transfer, or assignment in bulk (hereinafter the notification) with the New York State Department of Taxation and Finance (hereinafter the Department). The failure to timely file the notification results in the seller's sales tax liabilities attaching to the purchaser (*see* Tax Law § 1141 [c]; *Randazzo v Nelson*, 128 AD3d 935 [2015]; *Yiouti Rest. v Sotiriou*, 151 AD2d 744, 745 [1989]).

Levitis alleges that Ikhilov had a preexisting relationship with the plaintiff's principal, Emir Huner, and that he referred Huner to her to perform legal services in relation to the purchase of the restaurant. Levitis further alleges that Ikhilov assured her and her client that he would timely file the notification with the Department, and would hold the amount of the purchase price in escrow to pay any sales tax determined to be owed by the seller. In addition, Levitis alleges that Ikhilov promised to prepare, and in fact did prepare, all of the other documentation, including the contract of sale, riders, and schedules necessary to consummate the sale of the restaurant. Ikhilov did not file the notification with the Department until the closing date. As a result of the late filing, the seller's tax liabilities in the amount of $83,333.33 attached to the purchaser. The total purchase price of the restaurant was $90,000.

The plaintiff thereafter commenced the main action against, among others, its attorney Levitis alleging, among other things, legal malpractice arising from her failure to verify that the notification had been timely filed by Ikhilov. Levitis commenced a third-party action seeking contribution and indemnification against Ikhilov alleging, among other things, that he had voluntarily assumed a duty to timely file the notification. Ikhilov moved pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint. The Supreme Court denied the motion.

The Supreme Court properly determined that the third-party complaint, as supplemented by Levitis's affidavit, sufficiently pleaded a cause of action to recover damages for negligence, as it alleged, inter alia, that Ikhilov voluntarily assumed Levitis's duty, as the attorney for the purchaser, to timely file the notification with the Department, and breached that duty (*see*

*AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 594 [2005]; *see also Schwartz v Greenfield, Stein & Weisinger*, 90 Misc 2d 882 [Sup Ct, Queens County 1977]; *cf. Council Commerce Corp. v Schwartz, Sachs & Kamhi*, 144 AD2d 422, 424 [1988]).

Contrary to Ikhilov's contentions, Levitis sufficiently pleaded causes of action seeking both contribution and indemnification (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d at 595; *McDermott v City of New York*, 50 NY2d 211, 217 [1980]; *see also Mitchell v New York Hosp.*, 61 NY2d 208, 218 [1984]; *Cohn v Lionel Corp.*, 21 NY2d 559, 563 [1968]).

Ikhilov's evidentiary submissions did not show that the material facts claimed by Levitis to be facts were not facts at all and that no significant dispute exists regarding them (*see Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d at 851-852; *see also Guggenheimer v Ginzburg*, 43 NY2d at 274-275).

Accordingly, the Supreme Court properly denied Ikhilov's motion pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint. Leventhal, J.P., Chambers, Sgroi and Barros, JJ., concur.