ROBERT M. PODESTA et al., Respondents, v ASSUMABLE HOMES DEVELOPMENT II CORP. et al., Defendant/Third-Party Plaintiffs-Respondents, et al., Defendants. FIDELITY NATIONAL TITLE AGENCY OF NEW YORK, INC., Defendant/Third-Party Defendant-Appellant, et al., Defendant/Third-Party Defendant.
[31 NYS3d 74]—

In an action, inter alia, to recover damages for fraud, the defendant/third-party defendant Fidelity National Title Agency of New York, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated October 7, 2013, as denied those branches of its motion which were pursuant to CPLR 3211 (a) to dismiss the fourth, sixth, thirteenth, fourteenth, and sixteenth causes of action in the amended complaint insofar as asserted against it and to dismiss the third-party complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendant/third-party defendant Fidelity National Title Agency of New York, Inc., which were pursuant to CPLR 3211 (a) to dismiss the thirteenth and fourteenth causes of action in the amended complaint insofar as asserted against it, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In November 2003, the plaintiffs sold certain real property located in the Town of Brookhaven, consisting of approximately 11 acres, to the defendant/third-party plaintiff Assumable Homes Development II Corp. (hereinafter Assumable Homes). In connection with the sale, Assumable Homes executed a purchase money mortgage in favor of the plaintiffs. In February or March 2006, Assumable Homes and its principal, the defendant/third-party plaintiff Jed Pavlin (hereinafter together with Assumable Homes, the Assumable defendants), sought to subdivide the subject property, which required Assumable Homes to convey a portion of the property, consisting of approximately 4.63 acres, to the Town, free and clear of the plaintiffs' mortgage. At the request of Assumable Homes, the plaintiffs executed a partial release of the mortgage with respect to the approximately 4.63-acre portion of the property, and a description of that portion of the property was attached to the partial release. In October 2006, the Assumable defendants executed a deed to transfer the approximately 4.63-acre portion of the property to the Town, and a description of that portion of the property was attached to the deed.

On the date of the closing, the defendant/third-party defendant Fidelity National Title Agency of New York, Inc. (hereinafter Fidelity), through its agent, the defendant/third-party defendant Mid Island Abstract, LLC (hereinafter Mid Island), issued a title insurance policy to the Town for the property which was the subject of the transfer. The plaintiffs alleged that, after the closing, an "agent or employee" of Fidelity, acting "at the suggestion of" the Assumable defendants, altered the description of the property attached to the partial release and deed to refer to the entire property, consisting of approximately 11 acres, and recorded those documents, which made it appear the plaintiffs had executed a release for the entire mortgage.

As relevant here, the plaintiffs commenced this action to recover damages for fraud and negligence against Fidelity and the Assumable defendants. Thereafter, the Assumable defendants commenced a third-party action for indemnification against Fidelity. Fidelity moved pursuant to CPLR 3211 (a) to dismiss the amended complaint and the third-party complaint insofar as asserted against it. The Supreme Court, among other things, denied those branches of Fidelity's motion which were pursuant to CPLR 3211 (a) to dismiss the fourth, sixth, thirteenth, fourteenth, and sixteenth causes of action in the amended complaint insofar as asserted against it and to dismiss the third-party complaint insofar as asserted against it.

"A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Randazzo v Nelson*, 128 AD3d 935, 936-937 [2015]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Further, on a motion to dismiss pursuant to CPLR 3211 (a) (7), " 'the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law [, the] motion for dismissal will fail' " (*Zellner v Odyl, LLC*, 117 AD3d 1040, 1040 [2014], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). The complaint must be liberally construed in the light most favorable to the plaintiff and all allegations must be accepted as true (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Randazzo v Nelson*, 128 AD3d at 936). However, "[w]hen evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d at 275).

Applying these principles here, the Supreme Court properly denied those branches of Fidelity's motion which were pursuant to CPLR 3211 (a) to dismiss the fourth and sixth causes of action in the amended complaint, which alleged fraud and negligence, respectively, insofar as asserted against it. The amended complaint alleged that Fidelity and its agent, Mid Island, "assumed a duty of care to the [p]laintiffs" to "record a proper partial release of mortgage as a requirement of the closing of the 4.63 acre open space parcel conveyed to the Town . . . , and as a requirement of the title insurance commitment issued by these defendants to the Town in connection with this closing," and that an "agent or employee" of Fidelity altered the description of the property attached to the partial release and deed to refer to the entire property consisting of approximately 11 acres, and recorded the release and deed containing the inaccurate description. " '[A] principal must answer to an innocent third person for the misconduct of an agent acting within the scope of its authority' " (*Faith Assembly v Titledge of N.Y. Abstract, LLC*, 106 AD3d 47, 58 [2013], quoting *Tucci v Hartford Cas. Ins. Co.*, 167 AD3d 387, 388 [1990]). The agency agreement submitted by Fidelity in support of its motion did not utterly refute the allegations that Mid Island was acting on behalf of Fidelity by recording the release and deed contain-

ing the inaccurate property description (*see Faith Assembly v Titledge of N.Y. Abstract, LLC*, 106 AD3d at 59-60). Further, the evidence did not show that the plaintiffs did not have causes of action for fraud and negligence against Fidelity premised upon an agency theory (*see id.* at 58; *Tucci v Hartford Cas. Ins. Co.*, 167 AD2d at 388).

However, the Supreme Court should have granted those branches of Fidelity's motion which were pursuant to CPLR 3211 (a) to dismiss the thirteenth and fourteenth causes of action in the amended complaint, which sought punitive damages, insofar as asserted against it. "New York does not recognize an independent cause of action for punitive damages. Instead, '[a] demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action' " (*Randi A. J. v Long Is. Surgi-Ctr.*, 46 AD3d 74, 80 [2007], quoting *Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 616 [1994]; *see e.g. Muniz v Mount Sinai Hosp. of Queens*, 91 AD3d 612, 618 [2012]). Further, since the amended complaint "neither alleges conduct of such an egregious nature directed at the plaintiffs nor a pattern of such conduct directed at the public in general sufficient to sustain a demand for punitive damages," the court should have granted those branches of Fidelity's motion which were to dismiss those causes of action (*Grazioli v Encompass Ins. Co.*, 40 AD3d 696, 698 [2007]; *see Hylan Elec. Contr., Inc. v MasTec N. Am., Inc.*, 74 AD3d 1148, 1150 [2010]; *Flores-King v Encompass Ins. Co.*, 29 AD3d 627 [2006]).

Fidelity's remaining contentions are without merit. Hall, J.P., Austin, Sgroi and Hinds-Radix, JJ., concur. ▮