■ ISAAC MALEKAN et al., Appellants, v 701-709 CHESTER ST, LLC, et al., Respondents, et al., Defendant. [32 NYS3d 281]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated February 11, 2015, as, in effect, granted those branches of the motion of the defendants 701-709 Chester St, LLC, and Tzila Wajsfeld which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action for specific performance insofar as asserted by the plaintiff 705 Chester Dev, LLC, against the defendant 701-709 Chester St, LLC, and to cancel the notice of pendency filed against the subject property and, in effect, directed the cancellation of the notice of pendency.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants 701-709 Chester St, LLC, and Tzila Wajsfeld which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action for specific performance insofar as asserted by the plaintiff 705 Chester Dev, LLC, against the defendant 701-709 Chester St, LLC, and to cancel the notice of pendency filed against the subject property are denied; and it is further,

Ordered that the Kings County Clerk is directed to reinstate the notice of pendency dated July 22, 2014.

Contrary to the contention of the defendants 701-709 Chester St, LLC, and Tzila Wajsfeld in his capacity as a member of the defendant 701-709 Chester St, LLC (hereinafter together the defendants), the complaint states a cause of action for specific performance of the parties' contract for the sale of real property (*see E & D Group, LLC v Vialet*, 134 AD3d 981, 982-983 [2015]; *EMF Gen. Contr. Corp. v Bisbee*, 6 AD3d 45, 51 [2004]). Where,

as here, the plaintiffs allege that the defendants committed an anticipatory breach of the contract, the plaintiffs were not required to allege that they tendered performance prior to commencing an action for specific performance of the contract (*see Huntington Min. Holdings v Cottontail Plaza*, 60 NY2d 997, 998 [1983]; *Coizza v 164-50 Crossbay Realty Corp.*, 73 AD3d 678, 682 [2010]; *Zeitoune v Cohen*, 66 AD3d 889, 891 [2009]; *see also Yitzhaki v Sztaberek*, 38 AD3d 535, 536-537 [2007]; *cf. Latora v Ferreira*, 102 AD3d 838, 840 [2013]). Accordingly, the defendants failed to establish their entitlement to dismissal of the cause of action for specific performance pursuant to CPLR 3211 (a) (7) insofar as asserted by the plaintiff 705 Chester Dev, LLC, against the defendant 701-709 Chester St, LLC.

Further, the defendants failed to establish their entitlement to dismissal of the cause of action for specific performance pursuant to CPLR 3211 (a) (1) insofar as asserted by the plaintiff 705 Chester Dev, LLC, against the defendant 701-709 Chester St, LLC. Although the defendants claimed that they were entitled to unilaterally cancel the contract because the plaintiffs were themselves allegedly in breach of the contract, the affidavit and affirmation proffered by the defendants in support of this contention did not constitute documentary evidence (*see Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 997 [2010]; *see also Shofel v DaGrossa*, 133 AD3d 649, 650 [2015]).

Since a judgment in the plaintiffs' favor on their cause of action for specific performance would affect the title to, or possession, use, or enjoyment of, real property, under the circumstances of this case, the plaintiffs are entitled to reinstatement of their notice of pendency (*see* CPLR 6501; *Re-Poly Mfg. Corp. v Dragonides*, 109 AD3d 532, 535 [2013]).

To the extent that the parties raise arguments pertaining to those branches of the defendants' motion which were to dismiss the complaint insofar as asserted by the plaintiff Isaac Malekan in his individual capacity, and to dismiss the complaint insofar as asserted against the defendant Tzila Wajsfeld in his individual capacity, we do not address those arguments, since the Supreme Court did not determine those branches of the defendants' motion and, therefore, they remain pending and undecided (*see Katz v Katz*, 68 AD2d 536 [1979]). Mastro, J.P., Chambers, Dickerson and Connolly, JJ., concur.