Garcia v Polsky, Shouldice & Rosen, P.C. (2018 NY Slip Op 03339)





Garcia v Polsky, Shouldice & Rosen, P.C.


2018 NY Slip Op 03339


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-09011
 (Index No. 502571/16)

[*1]Orlando Garcia, respondent,
v Polsky, Shouldice & Rosen, P.C., appellant.


Abrams Garfinkel Margolis Bergson, LLP, New York, NY (Barry G. Margolis and Alexander Rabinowitz of counsel), for appellant.
William Pager, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to recover damages for legal malpractice and a violation of Judiciary Law § 487, the defendant appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated August 16, 2016. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the cause of action alleging legal malpractice insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Polsky, Shouldice & Rosen, P.C., a professional corporation practicing law in the State of New York (hereinafter the law firm), and the defendants Mark S. Polski, Donald T. Shouldice, and Adam L. Rosen, attorneys and partners in the law firm. The complaint alleged legal malpractice and a violation of Judiciary Law § 487. Prior to answering, the defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In the order appealed from, the Supreme Court granted those branches of the defendants' motion which were to dismiss the cause of action alleging legal malpractice insofar as asserted against Polski, Shouldice, and Rosen, and the cause of action alleging a violation of Judiciary Law § 487 against all of the defendants. The court denied that branch of the defendants' motion which was to dismiss the cause of action alleging legal malpractice insofar as asserted against the law firm, and amended the caption to list only the law firm as the defendant. The law firm appeals from so much of the order as denied that branch of the motion.
"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Gould v Decolator, 121 AD3d 845, 847; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 88).
"On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any [*2]cognizable legal theory" (Shah v Exxis, Inc., 138 AD3d 970, 971; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Leon v Martinez, 84 NY2d at 87-88). "In opposition to such a motion, a plaintiff may submit affidavits to remedy defects in the complaint and preserve inartfully pleaded, but potentially meritorious claims" (Cron v Hargro Fabrics, 91 NY2d 362, 366 [internal quotation marks omitted]; see Nilazra, Inc. v Karakus, Inc., 136 AD3d 994, 995). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
"Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38; see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19).
"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442, quoting McCoy v Feinman, 99 NY2d 295, 301). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442).
Here, the law firm submitted documentary evidence in support of the motion establishing that its representation of the plaintiff was limited to his Workers' Compensation claim. That submission did not utterly refute the plaintiff's allegations, as augmented by his affidavit submitted in opposition to the motion, that the law firm gave him inaccurate legal advice. Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) to dismiss the cause of action alleging legal malpractice insofar as asserted against the law firm.
Moreover, the complaint, as augmented by the plaintiff's affidavit, sufficiently pleaded a cause of action to recover damages for legal malpractice against the law firm. The evidentiary submissions did not show that the material facts claimed by the plaintiff to be facts were not facts at all and that no significant dispute exists regarding them. Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging legal malpractice insofar as asserted against the law firm.
LEVENTHAL, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court