Pare v Pare (2023 NY Slip Op 06375)

Pare v Pare

2023 NY Slip Op 06375

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2020-04403
 (Index No. 152003/18)

[*1]Claire Pare, etc., appellant, et al., plaintiff,
v
Paul Pare, et al., defendants, Anthony Imperato III, respondent.

Claire Pare, Staten Island, NY, appellant pro se.
Anthony S. Cannatella, Manhasset, NY (Edward H. Kyle III of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud and notarial misconduct, the plaintiff Claire Pare appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated May 26, 2020. The order granted the motion of the defendant Anthony Imperato III pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
The facts of this case are more fully set forth in this Court's decision and order on the related appeals (Pare v Pare, _____ AD3d _____ [Appellate Division Docket Nos. 2021-02983 and 2021-03137; decided herewith]). In August 2018, the plaintiff Claire Pare (hereinafter the plaintiff) commenced this action against the defendant Anthony Imperato III (hereinafter the defendant), among others. In her amended complaint, the plaintiff alleges, inter alia, that her father's signature on a beneficiary form dated December 7, 2009, was forged. She asserts, among other things, causes of action to recover damages for fraud and notarial misconduct and a claim for punitive damages against the defendant, who notarized the signature of the plaintiff's father on the beneficiary form. The defendant moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the amended complaint insofar as asserted against him as time-barred and for failure to state a cause of action. The Supreme Court granted the motion, and the plaintiff appeals.
For the reasons set forth in the related appeals (see Pare v Pare, _____ AD3d _____ [Appellate Division Docket Nos. 2021-02983 and 2021-03137; decided herewith]), the Supreme Court properly determined that the fraud cause of action insofar as asserted against the defendant was time-barred.
The Supreme Court also properly directed dismissal of the cause of action to recover damages for notarial misconduct in violation of Executive Law § 135 insofar as asserted against the defendant. As the plaintiff's notarial misconduct cause of action is premised on fraud, it is governed by the statute of limitations for fraud and thus, is also time-barred (see Commonwealth Land Tit. Ins. Co. v ANM Funding LLC, 2016 WL 8672950, *5, 2016 US Dist LEXIS 136687, *13 [ED NY, No. 15CV3405 (KAM/RER)]; see also CPLR 213[8]; Gaidon v Guardian Life Ins. Co. of Am., 96 NY2d [*2]201, 208).
The Supreme Court correctly directed dismissal of the claim for punitive damages against the defendant because "'New York does not recognize an independent cause of action for punitive damages. Instead, [a] demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action'" (Podesta v Assumable Homes Dev. II Corp., 137 AD3d 767, 770, quoting Randi A. J. v Long Is. Surgi-Ctr., 46 AD3d 74, 80 [internal quotation marks omitted]).
The parties' remaining contentions are without merit.
CONNOLLY, J.P., MALTESE, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court