**Gao v Mortgage Elec. Registration Sys., Inc.**

2025 NY Slip Op 30012(U)

January 2, 2025

Supreme Court, New York County

Docket Number: Index No. 654990/2023

Judge: Suzanne Adams

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. SUZANNE J. ADAMS                          PART        39M

*Justice*

-----------------------------------------------------------------------X

GEORGE GAO,

                                    Plaintiff,

                        - v -

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC.,CITIBANK, N.A., ETHAN CHEN LIANG, HELEN CHEN

                        Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654990/2023 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15

were read on this motion to/for                                DISMISS                                .

Upon the foregoing documents, it is ordered that defendants' motion is denied. Plaintiff commenced this action in October 2023, alleging that defendants Ethan Chen Liang and Helen Chen forged his signature in order to fraudulently obtain a mortgage loan from defendant Citibank, N.A. (Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is the nominee for Citibank regarding the mortgage.) The complaint alleges that Liang used the mortgage to purchase certain Manhattan real property for himself using plaintiff's credit, and seeks two counts of relief as against Citibank and MERS: a declaratory judgment that the loan is void *ab initio* and damages from unjust enrichment. In a prior proceeding brought by plaintiff against Liang and Chen, a jury found for plaintiff in May 2022 on the issues of fraud and breach of fiduciary duty, and a money judgment was issued against Liang and Chen. Thereafter, in March 2023, plaintiff commenced an Article 52 special proceeding against Liang, Citibank, MERS, and a non-party, which is currently pending before this court (Hagler, J.) under Index No. 15267/2023 and seeks the turnover of the

[* 1]

Manhattan property to plaintiff (the "Turnover Proceeding"). Citibank and MERS now move pursuant to CPLR 3211(a)(5) and (7) to dismiss plaintiff's complaint on the grounds that it fails to state a cause of action, is barred by the statute of limitations, and is barred by the doctrines of *res judicata*, collateral estoppel, and judicial estoppel. Plaintiff opposes the motion.

It is well established that "[o]n a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction (*see,* CPLR 3026). We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory." *Leon v. Martinez,* 84 N.Y.2d 83, 87-88 (1994). The criterion under CPLR 3211(a)(7), is whether the proponent of the pleading has a cause of action, not whether he has stated one. *Leon,* 84 N.Y.2d at 88 (citing *Guggenheimer v. Ginzburg,* 43 N.Y.2d 268, 275 (1977)). As discussed below, dismissal of the complaint is not warranted.

"In order to plead properly a claim for aiding and abetting fraud, the complaint must allege: '(1) the existence of an underlying fraud; (2) knowledge of this fraud on the part of the aider and abettor; and (3) substantial assistance by the aider and abettor in achievement of the fraud.' '[A]ctual knowledge of the fraud may be averred generally.' Substantial assistance exists 'where (1) a defendant affirmatively assists, helps conceal, or by virtue of failing to act *when required to do so* enables the fraud to proceed, and (2) the actions of the aider/abettor proximately caused the harm on which the primary liability is predicated.'" *Stanfield Offshore Leveraged Assets, Ltd. v. Metro. Life Ins. Co.,* 64 A.D.3d 472, 476 (1st Dep't 2009) (citations omitted) (emphasis added). "Under the 'special facts' doctrine, a duty to disclose arises 'where one party's superior knowledge of essential facts renders a transaction without disclosure inherently unfair.'" *Swersky v. Dreyer & Traub,* 219 A.D.2d 321, 327 (1st Dep't 1996) (citations omitted). Additionally, recovery under a

654990/2023   GAO, GEORGE vs. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ET AL
Motion No. 001

Page 2 of 4

2 of 4

[* 2]

theory of unjust enrichment requires showing that defendants were enriched at plaintiff's expense and that it is against equity and good conscience to permit them to retain what plaintiff seeks to recover. *See Columbia Mem. Hosp. v. Hinds*, 38 N.Y.3d 253, 275 (2022). Giving plaintiff the benefit of every possible favorable inference, the complaint sufficiently states claims for relief based on fraud. Moreover, the moving defendants have not "conclusively establish[ed] that no cause of action exists." *Ming v. Hoi*, 163 A.D.2d 268, 269 (1st Dep't 1990).

Further, the instant is not foreclosed by the statute of limitations. Per CPLR 213(1) and (8), an action based upon fraud or unjust enrichment is subject to a six-year limitations period. As is relevant here, several executive orders addressing the COVID-19 pandemic tolled the statute of limitations from March 20, 2020, until November 3, 2020, a period of 228 days. *See Murphy v. Harris*, 210 A.D.3d 410, 411, 177 N.Y.S.3d 559 (1st Dep't 2022). Here, Citibank issued the subject loan on February 27, 2017, and this action was commenced on October 11, 2023, a period of six years and 226 days.

The moving also defendants maintain that the doctrines of *res judicata* and collateral estoppel bar the instant action, based on the Turnover Proceeding. However, *res judicata* does not apply to claims which could not have been brought in the prior proceeding. *See Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 (1999). Due to procedural constraints, plaintiff did not and cannot challenge the validity of the loan in the Article 52 Turnover Proceeding. Additionally, the Turnover Proceeding dealt with the fraud perpetrated by defendants Liang and Chen, whereas the instant action concerns whether defendants Citibank and MERS aided and abetted the fraud. Because these issues are not identical, different evidence is needed to support both claims, and facts essential to the instant action were not present in the first action, *res judicata* and collateral estoppel are no bar. *See Rojas v. Romanoff*, 186 A.D.3d 103, 108–14, 128 N.Y.S.3d 189 (2020).

654990/2023  GAO, GEORGE vs. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ET AL
Motion No. 001

Page 3 of 4

3 of 4

[* 3]

Next, the moving defendants maintain that plaintiff's entering into the stipulation in the Turnover Proceeding bars the instant litigation of the same claim, because plaintiff ratified the loan via the stipulation. If plaintiff had acted in a manner inconsistent with the repudiation of the loan, the court may find "he acquiesces in and assents to it and is equitably estopped from impeaching it, although it was originally void or voidable." *Rothschild v. Title Guarantee & Tr. Co.*, 204 N.Y. 458, 464 (1912). However, "the assent must be clearly established and may not be inferred from doubtful or equivocal acts or language." *Holm v. C.M.P. Sheet Metal, Inc.*, 89 A.D.2d 229, 232–33 (4th Dep't 1982). Here, the stipulation does not clearly establish plaintiff's assent to the validity of the loan, but rather it simply acknowledges that the loan was in effect while the action was pending. Importantly, unlike in the cases cited by defendants, this is not a stipulation to discontinue an action. Finally, defendants argue that the stipulation, which admits to the validity of the loan, necessitates application of the doctrine of judicial estoppel. This doctrine requires defendants to show that plaintiff "procured a judgment in its or as a result of the inconsistent position taken in the prior proceeding." *Kalikow 78/79 Co. v. State*, 174 A.D.2d 7, 11 (1st Dep't 1992). Given plaintiff's longstanding position that the loan was fraudulent, and the equivocal language of the stipulation, application of the doctrine of judicial estoppel is improper. Accordingly, it is hereby

ORDERED that the motion of defendants Citibank and MERS motion is denied.

This constitutes the decision and order of the court.

| 1/2/2025 | | | | _SA_ | |
|---|---|---|---|---|---|
| **DATE** | | | | **SUZANNE ADAMS, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | [x] NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | [x] DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

654990/2023   GAO, GEORGE vs. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ET AL
Motion No. 001

Page 4 of 4